PER CURIAM.
Smith appeals from an order summarily denying his motion to correct his sentences, pursuant to Florida Rule of Criminal Procedure 3.800(a). On March 11, 1991, he received lengthy prison sentences in five criminal cases [1] far beyond the applicable guidelines range. The trial court sentenced him as an habitual offender,[2] based on two convictions in Georgia[3] and a prior grand theft conviction in Florida. We vacate the sentences and remand for resen-tencing.
In State v. Johnson, 616 So.2d 1 (Fla.1993), the Florida Supreme Court held that the 1989 amendments to the habitual offender statute were unconstitutional because they violated the single-subject requirement.[4] Re-enactment of the 1989 amendments on May 2, 1991 cured this defect but defendants sentenced between October 1, 1989 and May 2, 1991, must be resentenced if the sentences were affected by the amendments.
Smith falls into this time warp. It further appears the 1989 amendments did affect his categorization as an habitual offender because prior to the 1989 amendments, a defendant could not be habitual-ized by using out-of-state felony convictions. Since the Georgia convictions were necessary in this case to support the requirement of two prior convictions,[5] he could not have been sentenced as an habitual offender on March 11, 1991.
Accordingly, we vacate the sentences imposed in this case and remand for resen-tencing.
Sentences VACATED; REMANDED.
COBB, W. SHARP and THOMPSON, JJ., concur.

. For two counts of sale and possession of cocaine (§ 893.13(l)(a), Fla.Stat. (1989), he was sentenced to fifteen years and ten years, consecutively; for possession of cocaine, two concurrent years; for aggravated assault, two concurrent years; for aiding and abetting the sale of cocaine, six concurrent years; and for sale of counterfeit cocaine, three concurrent years.

. § 775.084, Fla.Stat. (1989).

. Possession of a firearm by a convicted felon and possession of a sawed-off rifle.

. Fla. Const. Art. Ill, § 6.

. § 775.084(l)(a)l, Fla.Stat. (Supp.1988) provides:
‘Habitual felony offender’ means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of two or more felonies in this state; ... (emphasis added).