691 So.2d 648 (1997)
John A. BOTELHO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00076.
District Court of Appeal of Florida, Second District.
April 18, 1997.
FRANK, Judge.
John Botelho challenges the trial court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Botelho raises two issues in his motion, the first of which is meritless. In his second issue, he claims he was illegally sentenced as a habitual offender; he had only one prior felony conviction rather than two prior felony convictions required by section 775.084(1)(a)1., Florida Statutes (1991). The trial court summarily denied this aspect of Botelho's motion without attaching copies of his prior convictions or any other portions of the record that would conclusively refute his claim. His claim, if true, would entitle him to be resentenced under the guidelines. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA)(en banc)(explaining that the absence of the required predicate offenses renders a habitual offender sentence illegal and is thus subject to correction in a rule 3.800(a) proceeding), rev. denied, 613 So.2d 5 (Fla.1992).
Accordingly, we reverse and remand for further proceedings consistent with this opinion. On remand, should the trial court again deny this allegation of Botelho's motion, it must attach those portions of the record conclusively demonstrating that Botelho is entitled to no relief. Strayer v. State, 676 So.2d 77 (Fla. 2d DCA 1996).
DANAHY, A.C.J., and WHATLEY, J., concur.