GRIFFIN, Chief Judge.
Appellant urges on appeal that his habitual offender sentences are improper because the predicate convictions supporting habitualization were entered on the same day even though these convictions resulted from unrelated offenses in separate cases before different judges.
After the high court’s decision in State v. Barnes, 595 So.2d 22 (Fla.1992), the legislature amended section 775.084(5) to insert the following language:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
§ 775.084(5), Fla. Stat. (1997). Significantly, the language employed requires the predi *361 cate offenses to be sentenced separately and prior to the habitual offender offense, but does not require one predicate offense to have been sentenced prior to the other predicate offense as long as the predicate offenses were sentenced separately. The legislature was certainly aware of the sequential conviction issue discussed in Barnes and could have readopted the same language, but did not. By the statute’s express terms, separate convictions arising out of unrelated crimes which were imposed on the same day by different judges meet the predicate conviction requirement for habitualization.
AFFIRMED.
COBB and HARRIS, JJ., concur.