730 So.2d 351 (1999)
Glenn Donald FRESHMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3920.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
Rehearing Denied May 5, 1999.
Glenn Donald Freshman, Opa-locka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant *352 Attorney General, West Palm Beach, for appellee.
PER CURIAM
Glenn Donald Freshman challenges the trial court's rejection of his claim raised pursuant to Florida Rule of Criminal Procedure 3.800 that his habitual offender sentence is illegal. We agree that there is error, and reverse.
The order declaring Freshman a habitual offender shows that Freshman's predicate offenses were out-of-state convictions. Freshman was within the "window period", as outlined in Baxter v. State, 616 So.2d 47 (Fla.1993), such that he could not be sentenced as a habitual felony offender based on prior out-of-state convictions. See State v. Johnson, 616 So.2d 1 (Fla.1993)(Chapter 89-280, the only authority for out-of-state felony convictions to be the basis of habitual offender sentences, was found unconstitutional as violating the single subject rule).
We recognize that at the time the trial court denied the motion Davis v. State, 661 So.2d 1193 (Fla.1995), appeared to limit an "illegal sentence" to one that exceeds the statutory maximum for the crime at issue. The supreme court has since rejected the contention that its holding in Davis mandates that only those sentences that facially exceed the statutory maximums may be challenged under rule 3.800(a) as illegal. State v. Mancino, 714 So.2d 429, 433 (Fla.1998); Hopping v. State, 708 So.2d 263, 265 (Fla.1998).
While Mancino concerned the denial of jail credit, the supreme court commented that a "sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal'".
We find illegal a sentence for which the record, in this case the order declaring Freshman a habitual offender, affirmatively shows a failure to comport with the statutory requirements of the habitual offender statute which were not unconstitutional. See § 775.084, Fla. Stat. (1989). Accordingly, we reverse and remand for the trial court either to resentence Freshman or to permit the plea to be withdrawn and the case to proceed to trial. Hawes v. State, 712 So.2d 834 (Fla. 4th DCA 1998); Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994).
REVERSED AND REMANDED.
DELL, KLEIN and SHAHOOD, JJ., concur.