748 So.2d 1094 (2000)
Lawrence MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3009.
District Court of Appeal of Florida, Third District.
January 12, 2000.
Lawrence Moore, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, GREEN and FLETCHER, JJ.
PER CURIAM.
Lawrence Moore appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). This court has previously held that a challenge to the predicate offenses used for habitualization cannot be raised by such a motion. See Bover v. State, 732 So.2d 1187 (Fla. 3d DCA 1999), review granted, No. 95,649, 743 So.2d 508 (Fla. Oct. 26, 1999). Contra Freshman v. State, 730 So.2d 351 (Fla. 4th DCA 1999); Bell v. State, 693 So.2d 700 (Fla. 2d DCA 1997); Botelho v. State, 691 So.2d 648 (Fla. 2d DCA 1997); Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991).
Assuming for purposes of discussion, however, that Rule 3.800(a) could be used for that purpose, and further assuming that this claim is not otherwise procedurally barred, it is entirely without merit. Defendant-appellant Moore attempts to rely on subparagraph 775.084(1)(a)3, Florida Statutes (1993), which provides that in *1095 habitualization "[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance...." That statute was enacted in 1993, see ch. 93-406 § 2, Laws of Fla., which was after the defendant committed the crime for which he was habitualized. Under the Florida Constitution, "Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." Fla. Const. Art. X, § 9 (1968).
Finally, as the trial court correctly pointed out, even if it were assumed that the 1993 statute applied to defendant (which it does not), defendant's offense at conviction was sale of cocaine, and his prior offenses included sale of cocaine and burglary of a conveyance. The 1993 version of the habitual offender statute does not prohibit habitualization where the offense at conviction is sale of a controlled substance, nor does it prohibit the use of one or more prior convictions for sale of a controlled substance as predicate offenses. See Williams v. State, 667 So.2d 914, 915 (Fla. 3d DCA 1996).
Affirmed.