PER CURIAM.
The appellant, who was the defendant below, filed a “Motion to Correct Illegal Sentence” pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. The said motion was filed after the trial court had denied a motion entitled “Motion to Define and Clarify Sentence” in which the appellant argued that the trial court had erred in failing to ensure that he received a sentence of ten (10) years with regard to all (94-7000B, 94-7638, and 94-30870) of his cases, after “corrected sentences” were *1288 entered in case numbers 94-7000B and 94-30870 only, in June of 1998.
The State, in addition to .pointing out that the instant “Motion to Define and Clarify Sentence” would not be properly brought pursuant to Rule 3.800, candidly acknowledges that “... if this court were to treat his “Motion to Define and Clarify Sentence” as a properly filed post-conviction motion,[1] an evidentiary hearing would be necessary to determine whether case number 94-7638 was improperly excluded from the appellant’s 1998 re-sentence.
Accordingly, and consistent with the State’s properly filed concession, this Court treats the appellant’s motion as though it had been filed pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, and reverses the denial of said motion and, furthermore, remands the cause for an evidentiary hearing consistent with the foregoing.
Reversed and remanded.

. The "Motion to Define and Clarify Sentence” was filed on June 6, 1999, which was within two (2) years of the defendant’s re-sentence in case numbers 94-7000B and 94-30870 on June 17, 1998. See Fla. R.Crim. P. 3.850.