797 So.2d 1246 (2001)
Jesus BOVER, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95649.
Supreme Court of Florida.
October 4, 2001.
*1247 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Bureau Chief Criminal Division, and Lara J. Edelstein, Assistant Attorney General, Fort Lauderdale, FL, for Respondent.
PARIENTE, J.
We have for review the decision in Bover v. State, 732 So.2d 1187, 1192 (Fla. 3d DCA 1999), in which the Third District Court of Appeal certified conflict with the decisions of the Second District Court of Appeal in Bell v. State, 693 So.2d 700 (Fla. 2d DCA 1997), Botelho v. State, 691 So.2d 648 (Fla. 2d DCA 1997), and Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) (en banc), and the decision of the Fourth District Court of Appeal in Freshman v. State, 730 So.2d 351 (Fla. 4th DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
This Court recently determined in Carter v. State, 786 So.2d 1173, 1180-81 (Fla. 2001), that a habitual offender sentence may be correctable as an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), where the habitual offender statute in effect at the time of sentencing did not permit habitualization for life felonies. In so holding, we disapproved of the Third District's broad statement in Bover that no habitual offender sentence can be corrected as illegal pursuant to rule 3.800(a) if the error occurs in the adjudication of the defendant as a habitual offender. See id.
This case presents the related but distinct issue of whether a sentence based on predicate felony offenses in the record that do not satisfy the sequential conviction requirement of the habitual offender statute may be subject to correction as an illegal sentence under rule 3.800(a). For the reasons expressed in this opinion and in accordance with our reasoning in Carter, we hold that where the requisite predicate felonies essential to qualify a defendant for habitualization do not exist as a matter of law and that error is apparent from the face of the record, rule 3.800(a) can be used to correct the resulting habitual offender sentence.

BACKGROUND
Petitioner Jesus Bover was charged with eight counts of grand theft and seven counts of uttering a forged instrument for *1248 crimes committed between June 21 and September 17, 1993. See Bover, 732 So.2d at 1189. Pursuant to a plea agreement in which Bover pled no contest as a habitual offender, the trial court sentenced Bover in 1994 as a habitual offender to concurrent sentences of ten years on each of the fifteen third-degree felonies. See id. Because the trial court sentenced Bover as a habitual offender, the statutory maximum for the offense was ten years rather than five years. See §§ 775.082(3)(d), 775.084(4)(a)3, Fla. Stat. (1993); Bover, 732 So.2d at 1189.
In 1997, Bover filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, challenging his habitual offender sentences on the grounds that the trial court had vacated two of the predicate offenses used to qualify him for habitual offender treatment. See Bover, 732 So.2d at 1189. The trial court denied relief and the Third District affirmed. The Third District held that because the trial court had vacated only part of Bover's sentences and not the underlying adjudications in Bover's prior cases, "those cases remained available to serve as predicate offenses for habitualization." Id. at 1189 n. 4.
In 1998, Bover filed the present motion pursuant to rule 3.800(a), alleging that his habitual offender sentences were illegal because his predicate convictions did not satisfy the substantive requirements of the habitual offender statute. See id. at 1189. Specifically, Bover argued that because all the predicate offenses used to adjudicate him as a habitual offender had been imposed on June 30, 1992, they did not satisfy the sequential conviction requirement of section 775.084(5), Florida Statutes (1993). See id. This section provides:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
§ 775.084(5).[1]
Thus, relying on this statute, Bover contended that the trial court should "strike the habitualization and resentence him under the sentencing guidelines." Bover, 732 So.2d at 1189. The trial court denied the rule 3.800(a) motion. See id. On appeal, the State conceded that Bover's prior convictions did not satisfy the sequential conviction requirement, but contended that additional convictions existed that would satisfy the statutory requirement, but that had not been introduced at the sentencing hearing. The Third District affirmed the denial of relief, holding that a challenge to habitual offender adjudication had to be brought by a rule 3.850 motion to vacate, set aside, or correct sentence and is subject to the two-year time limitation of that rule. See id. at 1188. This appeal follows.

ANALYSIS
Only those defendants who meet the statutory criteria of the habitual offender statute qualify for sentencing as habitual offenders. Therefore, if a habitual offender sentence is imposed when, as a matter of law, the defendant was not subject to habitualization, the resulting habitual offender sentence can be corrected as illegal provided the error is apparent from *1249 the face of the record. See Carter, 786 So.2d at 1180. The Second District in both Botelho, 691 So.2d at 648, and Bell, 693 So.2d at 701, concluded that a defendant could challenge a habitual offender sentence under rule 3.800(a) where the claim was made that the defendant lacked the predicate offenses required by the habitual offender statute. Although neither Bell nor Botelho contain an extensive analysis of the rationale as to why a defendant may utilize rule 3.800(a) to challenge his or her habitual offender sentence, in Botelho the Second District relied upon its earlier decision in Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1992) (en banc).
Judge Altenbernd, writing for the Second District in Judge, concluded that an improper habitual offender sentence renders a sentence illegal "only if: 1) the terms or conditions of the sentence exceed those authorized by section 775.084 for the adjudicated offense, or 2) a prior offense essential to categorize the defendant as a habitual offender does not actually exist." 596 So.2d at 78. Moreover, in distinguishing rule 3.850 from rule 3.800, the Second District in Judge explained:
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process. Unlike a motion pursuant to rule 3.850, the motion can be filed without an oath because it is designed to test issues that should not involve significant questions of fact or require a lengthy evidentiary hearing.
Id. at 77.[2] Thus, citing its earlier reasoning in Judge, the Second District in Botelho concluded that if Botelho's claim that he had only one prior felony conviction, rather than the required two prior felony convictions, was true, he would be entitled to a correction of his sentence pursuant to rule 3.800(a). See Botelho, 691 So.2d at 648.
The Fourth District has reached a similar conclusion in Freshman, where the defendant claimed that his predicate offenses did not qualify him for habitual offender treatment because they were for out-of-state convictions. 730 So.2d at 352.[3] The Fourth District agreed with Freshman, stating, "We find illegal a sentence for which the record, in this case the order declaring Freshman a habitual offender, affirmatively shows a failure to comport with the statutory requirements of the habitual offender statute which were not unconstitutional." Id.
Freshman, Botelho, Bell, and Judge all either impliedly or explicitly recognized that failure to comply with the statutory requirements for habitualization results in an illegal sentence correctable by rule 3.800(a).[4] In contrast to these opinions of *1250 the Second and Fourth Districts, the Third District in Bover reasoned that the failure of the record to establish the requisite predicate convictions to support habitualization does not render the sentence illegal. See Bover, 732 So.2d at 1191. According to the Third District, errors in habitualizing a defendant who does not qualify as a matter of law for habitualization cannot provide a basis for a collateral attack under 3.800(a); the resulting habitual offender sentence is not illegal as long as the length of the sentence is within the statutory maximum allowed by the habitual offender statute. See id.
In Carter, we determined that the imposition of a habitual offender sentence for a life felony where the necessary statutory requirements of the habitual offender statute had not been satisfied constituted an illegal sentence. Id. at 1180. In so holding, we adopted Judge Farmer's definition in Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999), that a sentence is "illegal" if it imposes a "kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Carter, 786 So.2d at 1181. We thus disapproved of the Third District's broad statement that no sentence based on an error in a trial court's finding that a defendant qualified for habitual offender treatment could be corrected as illegal. See id. If we accepted the framework advocated by the Third District in this case, a habitual offender sentence could never be considered illegal, even if it was imposed for an offense that specifically is not subject to habitualization under the habitual offender statute. We therefore concluded in Carter that the imposition of a habitual offender sentence for an offense that specifically is not subject to habitualization under the statutory scheme results in an illegal sentence. Id.
In this case, Bover claims that the predicate felonies did not satisfy the sequential conviction requirement necessary for the imposition of a habitual offender sentence. The habitual offender statute, section 775.084(5), specifically provides that the court must have imposed sentence for the two prior convictions separately from each other. Thus, although the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of the same sentencing proceeding. See Price v. State, 721 So.2d 360, 361 (Fla. 5th DCA 1998) (holding that separate convictions arising out of unrelated crimes that were imposed on the same day by different judges met the predicate conviction requirement for habitualization).
If the requisite predicate felonies essential to qualify a defendant for habitualization did not exist, then the habitual offender sentence could not have been imposed as a matter of law because it would impose a "kind of punishment that no judge under *1251 the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Carter, 786 So.2d at 1181. Therefore, we conclude that the adjudication of a defendant as a habitual offender when the requisite sequential felonies do not exist may be corrected as an illegal sentence pursuant to rule 3.800(a) so long as the error is apparent from the face of the record.[5]
As to whether the predicate felonies in the record in this case satisfy the sequential conviction requirement, the State conceded before the Third District that the prior convictions used to habitualize Bover did not satisfy the sequential conviction requirement pursuant to section 775.084(5).[6] We do not decide the correctness of that concession in this opinion. However, we agree with the Third District that because Bover did not object to the habitual offender sentence on the basis that he lacked the requisite prior sequential convictions at the time his habitual offender sentence was imposed, the State should have the opportunity on remand to present record evidence that other prior convictions existed that would satisfy the sequential conviction requirement. See Bover, 732 So.2d at 1192.[7]
For these reasons, we quash the decision below, approve Judge, Bell, Botelho and Freshman and remand for proceedings consistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] As the Third District noted, "[t]his sequential conviction requirement was added to the habitual offender statute effective June 17, 1993, see ch. 93-406 §§ 2, 44, Laws of Fla., after having been repealed in 1988." Bover, 732 So.2d at 1189 n. 5. Bover committed the offenses in this case between June 21 and September 17, 1993, after the sequential conviction requirement went into effect. See id.
[2] Applying this standard to the defendant in Judge, the Second District affirmed the defendant's habitualized sentence. 592 So.2d at 76. In Judge, the defendant alleged that habitualization was improper because he had only one predicate felony offense, rather than the two predicate felonies as required by statute. The Second District upheld the defendant's habitualized sentence, finding that in fact two convictions had been entered and "this evidence `along with the evidence of other convictions' had been sufficient to allow sentencing under the habitual offender statute." Id. (quoting trial court's order).
[3] At the time of Freshman's conviction, only prior in-state convictions could be used for habitualization. See Freshman, 730 So.2d at 352.
[4] Moreover, in White v. State, 666 So.2d 895, 895-97 (Fla.1996), this Court impliedly recognized that a defendant who claimed that he was improperly sentenced as a habitual offender based upon a nonqualifying predicate offense may challenge his sentence pursuant to rule 3.800(a). In White, the defendant filed a rule 3.800(a) motion to correct an illegal sentence, claiming that he was improperly sentenced as a habitual offender because the predicate offense, a manslaughter conviction for a death caused by driving while intoxicated, did not constitute a violent felony offense under section 775.084(1)(b)(1), Florida Statutes (1989). Id. at 895-96. The Court, without addressing the propriety of using rule 3.800(a) to challenge the alleged improper habitualization, addressed the merits of the claim and concluded that the manslaughter conviction did constitute a qualifying prior conviction for purposes of habitualization. See id. at 897. Thus, the decision in White is consistent with the decisions of all the district courts that have considered rule 3.800(a) a proper vehicle to raise a claim of improper habitualization.
[5] We agree with the Third District's observation in Bover concerning the limitations of utilizing rule 3.800(a) when an evidentiary hearing is required:

In the situation now before us, the viability of predicate offenses used for habitualization can frequently be determined from the face of the record, so long as the prior convictions were introduced into evidence (as opposed to being stipulated to). An evidentiary hearing would be needed where the convictions were not introduced. An evidentiary hearing would be needed in cases in which the most recent predicate offense satisfies the five-year rule only when measured from the date of release from incarceration or parole and the record fails to establish the date of such release. An evidentiary determination may also be required in cases in which the defendant contends that a predicate offense has been set aside in postconviction proceedings.
732 So.2d at 1192 (citation omitted). For these and other reasons discussed in Carter, we have requested that the Criminal Appeals Reform Act Committee study whether 3.800(a) should be revised.
[6] The Third District, in an order dated March 3, 1999, directed counsel for both Bover and the State to address several questions, including "Whether the prior convictions used to habitualize appellant fail to satisfy subsection 775.084(5), Florida Statutes (1993)." The State, in a supplemental memorandum, replied that the convictions did not satisfy section 775.084.
[7] Bover's sentencing guidelines scoresheet reflected fifty-two prior crimes, which resulted in a recommended sentence of life imprisonment. See Bover, 732 So.2d at 1189. Therefore, if Bover had been convicted of the fifteen pending charges of grand theft and uttering a forged instrument, he could have been sentenced consecutively on each, for a total of seventy-five years. See id. Instead, pursuant to a plea agreement he received concurrent ten-year sentences on each of the fifteen charges. See id. However, the effect of the plea agreement on Bover's claim that he lacked the predicate felonies has not been raised by either party as an issue in this case and, accordingly, we do not address this issue.