PER CURIAM.
The defendant appeals from the denial of his motion for rule 3.850 relief and incorporated motion for clarification of sentence; the defendant also appeals from the denial of his petition for writ of error coram nobis to vacate the judgment.
We affirm the order on appeal, which was entered on remand after this court’s opinion in Hampton v. State, 758 So.2d 1287 (Fla. 3d DCA 2000). The habitual felony offender sentence in case number 94-7638 is proper, as defendant’s convictions[1] for possession of a firearm by a convicted felon and two counts of aggravated assault with a firearm are both felonies subject to habitualization. See § 775.084, Fla. Stat. (1993). The trial court’s denial of the defendant’s petition for writ of error coram nobis (which is treated as a motion for rule 3.850 relief) was proper, as “the 1993 version of the habitual felony offender statute does not ... prohibit the use of one or more prior convictions for sale of a controlled substance.” Moore v. State, 748 So.2d 1094 (Fla. 3d DCA 2000). The remainder of the defendant’s claims are barred as successive. See, e.g., Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999).
AFFIRMED.

. The defendant was convicted pursuant to a plea agreement in which he agreed to concurrent sentences in three separate cases, with a maximum sentence of 15 years in total.