PER CURIAM.
David Knight appeals the order summarily denying as untimely his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse only as to Appellant’s first ground for relief and affirm the summary denial as to the remaining grounds of the motion without discussion.
Appellant’s first ground alleged that his habitual sentence was illegal because he lacked the requisite sequential convictions. After the trial court denied the instant motion, the Florida Supreme Court issued Bover v. State, 797 So.2d 1246 (Fla.2001). There, it held that “where the requisite predicate felonies essential to qualify a defendant for habituali-zation do not exist as a matter of law and that error is apparent from the face of the record, rule 3.800(a) can be used to correct the resulting habitual offender sentence.” Id. at 1247. When the requisite convictions do not exist, then a habitual sentence could not be imposed as a matter of law because such a sentence would be the “ ‘kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.’ ” Id. at 1250 (quoting Carter v. State, 786 So.2d 1173, 1181 (Fla.2001)). Such an erroneous habitualization may be corrected “so long as the error is apparent from the face of the record.” Id. at 1251.
The state agrees that this ground should be remanded for the trial court to reconsider as if it were filed pursuant to rule 3.800(a).
Accordingly, we reverse the summary denial only as to Appellant’s first ground for relief and remand this case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, FARMER and HAZOURI, JJ., concur.