PER CURIAM.
Irvin Robinson appeals an order denying his petition for writ of error coram nobis, which we treat as having been filed under Florida Rule of Criminal 3.850. The petition was timely within the window created by Wood v. State, 750 So.2d 592 (Fla.1999). From a denial of his amended petition, the defendant appeals.
The defendant was convicted of sexual battery and burglary committed on July 25, 1992. He was sentenced as a habitual offender (“HO”).
In his petition, the defendant seeks to attack his plea in one of the predicate offenses, Miami Dade County Circuit Court case number 91-33678, for aiding an escape. The defendant contends that he was given affirmative misadvice by his counsel in entering this plea. He argues that he was informed that his plea could not be held against him in the future.
We need not reach the merits of the defendant’s claim. That is so because the sentencing guidelines scoresheet reflects that the defendant has seven other prior felony convictions, including aggravated battery, tampering with evidence, and several narcoties-related offenses. Under the applicable version of the habitual offender statute, any two felonies would be sufficient to qualify the defendant as a habitual offender. See § 775.084(1)(a)1., Fla. Stat. (1991); Bover v. State, 797 So.2d 1246, 1248 n. 1 (Fla.2001).
Affirmed.