PLEUS, J.
Ronald P. Baker appeals an order denying his motion to correct illegal sentence filed pursuant to Florida Rules of Criminal Procedure 8.800(a) and 3.850. In 1992, the defendant was sentenced in Case No. 91-2533 in Seminole County as an habitual violent felony offender to 70 years incarceration for burglary with an assault, with the balance suspended after 35 years and the remainder to be spent on probation.
The prior felony conviction used to support the habitual violent offender classification was an aggravated assault with a deadly weapon conviction in Pinellas County. In the Pinellas County case, Baker was also convicted of burglary with an assault, and was sentenced to seven years incarceration for the burglary, and five years incarceration for the aggravated assault, to be served concurrently. In adjudicating defendant as an habitual violent offender in the instant case, the Seminole County court found that defendant had committed his offense within five years of his release from prison in the Pinellas County case. See § 775.084(l)(b)2., Fla. Stat. (2001).
On July 16, 2000, the circuit court in Pinellas County granted, in part, a Rule 3.850 motion/error coram nobis claim filed by the defendant. The defendant had argued that the sentencing scoresheet improperly listed the burglary with an assault offense as a life felony instead of as a first degree felony punishable by life. Even though the defendant was no longer in custody as the result of those crimes, and the claim was not based on newly discovered evidence, the circuit court ordered resentencing. Defendant now argues in his 3.800(a) motion that he did not qualify as an habitual violent offender in the Seminole County case because he should have been released from prison on an earlier date, and therefore would not *218 have committed his offense within five years of his release from prison. The habitual offender statute does not provide for this type of theoretical speculation. The defendant’s release date from his pri- or commitment was established by the evidence and was sufficient to support the habitual violent offender classification. Even though the circuit court in Pinellas County granted defendant’s 3.850 motion, and the defendant had already served his sentence, there is no way to alter his release date from that sentence. At the time of his release, defendant had statutory notice of the habitual offender requirements, and committed an offense within five years of his release.
This is not a case where an essential predicate felony conviction has been set aside.[1] The defendant is only surmising that he would have been released from prison earlier had he been properly sentenced in the prior case.
An habitual offender sentence can be corrected under Rule 3.800(a), but only when the sentence could not have been imposed as a matter of law, and the error is apparent on the face of the record. See Bover v. State, 797 So.2d 1246 (Fla.2001). In this case, no error is apparent on the face of the record. Nor is there any need for an evidentiary hearing under Rule 3.850, as defendant has not pled sufficient allegations to show that he was unlawfully sentenced. The order denying defendant’s motion to correct sentence is affirmed.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.

. Cf. Monroe v. State, 476 So.2d 279 (Fla. 2d DCA 1985) (where prior predicate conviction is set aside after defendant was sentenced as a habitual offender, proper remedy to challenge habitualization is by post-conviction motion).