832 So.2d 251 (2002)
Danny SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2970.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
*252 Danny Sampson, Jasper, pro se.
Richard E. Doran, Attorney General, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Sampson appeals from the trial court's order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He raises four grounds for finding his trial counsel inadequately represented him and claims he should not have received a habitual felony offender sentence. We affirm.
First, Sampson argues he should not have been sentenced as an habitual felony offender because the state failed to present certified copies of his prior convictions and a certificate which established he had never been pardoned. He complains that the state made "hearsay" reference to his prior convictions. He also argues the trial court made no statement that a habitualized sentence was necessary for the protection of the public. He also raises these matters in the context of ineffective assistance of trial counsel claims.
*253 The claims regarding insufficient proof of prior convictions are legally insufficient because Sampson fails to allege that he lacked the prior criminal record necessary for habitualization. Nor does the trial court have to state any set words in order to effectively impose a habitual sentence, so long as it is clear the court intends to impose such a sentence.[1] Much to the contrary of Sampson's argument, section 775.084(3)(a)6,[2] Florida Statutes, mandates an habitual sentence if the defendant meets the criminal record criteria set forth in the statute and only requires written reasons by the sentencing judge if he or she finds an habitualized sentence is not necessary for the protection of the public. There is no basis for Sampson's assertion that the sentencing judge must find that a habitualized sentence is necessary for the protection of the public.
Second, Sampson argues his habitualized sentence is improper in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Apprendi allows for habitualized sentences which are enhanced on the basis of a defendant's prior criminal record under statutes similar to section 775.084. See also Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001).
Third, Sampson argues his trial counsel was ineffective for failing to present exculpatory evidence in the form of a taped statement from co-defendant, Nappo. In the statement Nappo allegedly admitted he committed the offense for which Sampson was being tried, while Sampson was passed out in the backseat of a car parked away from the crime scene. Nappo testified at trial and admitted to making that statement. Regardless of whether or not the tape was admissible under section 90.803(18) (admission against interest), it was merely cumulative to Nappo's trial testimony and thus if error occurred, it was not prejudicial.
Fourth, Sampson claims trial counsel was ineffective for failing to depose state witness-Robert Peters, who testified at trial. Peters testified that Sampson, accompanied by Eric Nappo (brother of the co-defendant), came to his house and threatened to "get" him if he testified. On cross-examination, Peters disclosed he had told his father, his lawyer and the state about this incident, but the state did not disclose it to the defense. After a Richardson hearing[3] the trial court denied Sampson's motion for mistrial, finding the non-disclosure was not willful.
*254 We find this ground is insufficient to establish inadequate representation by trial counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Had trial counsel deposed Peters and learned of the alleged threat before trial there would have been no basis to exclude Peters' testimony.
Fifth, Sampson argues his trial counsel was ineffective because he failed to provide argument in support of his motion for judgment of acquittal. He claims his counsel should have pointed to various inconsistencies in the evidence. But inconsistencies in the evidence does not constitute a legally sufficient basis to support a motion for judgment of acquittal. The defense must accept all competent evidence adduced against the defendant, and be able to demonstrate the state failed to prove one or more essential elements of the criminal charge with competent substantial evidence. See, e.g., Espiet v. State, 797 So.2d 598, 601 (Fla. 5th DCA 2001).
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Yates v. State, 823 So.2d 273 (Fla. 5th DCA 2002).
[2] Section 775.084(3)(a)6., Florida Statutes, provides:

For an offense committed on or after October 1, 1995, if the state attorney pursues a habitual felony offender sanctioned or a habitual violent felony offender sanction against the defendant and the court, in a separate proceeding pursuant to this paragraph, determines that the defendant meets the criteria under subsection (1) for imposing such sanction, the curt must sentence the defendant as a habitual felony offender, or a habitual violent felony offender, subject t imprisonment pursuant to this section unless the court finds that such sentence is not necessary for the protection of the public. If the court finds that it is not necessary for the protection of the public to sentence the defendant as a habitual felony offender or a habitual violent felony offender, the court shall provide written reasons; a written transcript of orally stated reasons is permissible, if filed by the court within 7 days after the date of sentencing. Each month, the court shall submit to the office of Economic and Demographic Research of the Legislature the written reasons or transcripts in each case in which the court determines not to sentence a defendant as a habitual felony offender or a habitual violent felony offender as provided in this subparagraph.
[3] Richardson v. State, 246 So.2d 771 (Fla. 1971).