MAY, J.
The defendant appeals an order denying his motion to withdraw his plea of no contest for the sale or delivery of cocaine within 1000 feet of a church for which he was sentenced as a habitual felony offender. He raises three issues. We affirm in all respects. We write to address his habitual felony offender sentence.
The defendant entered into a negotiated plea agreement that included a sentence of sixty-three months as a habitual felony offender. In fact, during the plea colloquy, he specifically inquired whether the prison time was doubled because he was going to be sentenced as a habitual felony offender. The court assured him the total time was sixty-three months. The defendant acknowledged the actual time he would serve might be affected by his habitual status. When the State read the prior felony offenses into the record, it relied upon two possession of cocaine charges. The defendant stipulated to those convictions.
The defendant now argues the two possession charges fail to qualify him for the habitual felony offender sentence. We agree that section 775.084(1), Florida Statutes (2002), 'requires, among other things, that “one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.” Thus, the State erred in relying on these two charges to substantiate the habitual felony offender sentence. However, the defendant’s score sheet reflects numerous prior felony convictions, including burglary of a dwelling, aggravated assault with a weapon, battery on a law enforcement officer, robbery, and vehicular homicide. “Under the applicable version of the habitual offender statute, any two felonies would be sufficient to qualify the defendant as a habitual offender.” Robinson v. State, 832 So.2d 806, 807 (Fla. 3d DCA 2002) (emphasis added).
As this court stated in Spriggs v. State, 615 So.2d 828 (Fla. 4th DCA 1993) (en banc), “remanding for the trial court to make a mechanical recitation of the section 775.084 findings would be an empty gesture, not to mention a waste of judicial resources.” Id. at 832. We therefore affirm.
POLEN and TAYLOR, JJ., concur.