COPE, J.
Eduardo Quintana appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Quintana entered into a plea bargain in Miami-Dade County circuit court case number 93-14914 in exchange for a twenty-year sentence as a habitual felony offender. In his motion under Rule 3.800(a), the defendant contends that he does not actually qualify as a habitual felony offender. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001). He argues that his predicate offenses, Miami-Dade County circuit court ease numbers 90-28130 and 91-2551, do not satisfy the sequential conviction requirement.
The defendant’s motion fails at the outset because under the applicable version of the habitual offender statute, there was no sequential conviction requirement. Under the version of the habitual offender statute adopted effective October 1, 1988, adjudication as a habitual felony offender required two prior felony convictions but there was no sequential conviction requirement. See State v. Barnes, 595 So.2d 22, 23 (Fla.1992); § 775.084(1)(a)1., Fla. Stat. (Supp.1988); ch. 88-131, §§ 6, 9, Laws of Fla.; see also Bover v. State, 797 So.2d at 1248 n. 1. Effective June 17, 1993, the Legislature amended the habitual offender statute to add a sequential conviction requirement. See ch. 93-406, §§ 2, 44, at 2915, 2974, Laws of Fla.
The defendant’s motion states that he was in custody on case number 93-14914 no later than April 17, 1993. This means that his crime date falls into the time period in which there was no sequential conviction requirement. The defendant’s motion acknowledges that he had two felony adjudications prior to the date of the 1993 crime, and those convictions did not need to be sequential under the statute in effect at the time of the defendant’s 1993 crime. It follows that he qualifies as a habitual felony offender and is not entitled to any relief.
The defendant also argues that his sentences should be concurrent to time he is serving for control release violations. According to the record now before us, this claim was raised by defendant in an earlier motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which was denied on the merits in 1997. Accordingly we do not revisit that claim.
Affirmed.