PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.800(a). On appeal from a summary denial, this court must reverse unless the postconviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
Defendant alleges that he did not qualify as a habitual felony offender according to the habitual offender statute existing at the time of the crime because he did not have at least two prior qualifying felony convictions. See Bover v. State, 797 So.2d 1246 (Fla.2001). The official judgment and sentence for defendant’s prior offense indicates that defendant was convicted and sentenced to a single count of grand theft. In response, the State has provided records from the Clerk’s Office of the Eleventh Judicial Circuit, showing computer records that defendant was in fact convicted of two counts of grand theft. At best, the record is inconclusive as to whether defendant is entitled to relief. Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings or for the attachment of record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings.