937 So.2d 1218 (2006)
Jose R. RANGEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1922.
District Court of Appeal of Florida, Third District.
September 20, 2006.
Jose R. Rangel, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Jose R. Rangel, appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
The defendant was sentenced to fifteen years in prison as a Prison Release Reoffender (PRR). In his rule 3.800(a) motion, the defendant claims that his sentence is illegal because the evidence the State provided to establish his last release date was hearsay evidence. The defendant does not, however, claim that he does not qualify as a PRR because he did not commit a qualifying offense within three years after being released "from a state correctional facility operated by the Department of Corrections." See § 775.082(9) Fla. Stat. (2000).
To attack his PRR adjudication on a 3.800(a) motion, the defendant had to allege that his 2000 offense was committed more than three years after his release from prison. See Macaluso v. State, 912 So.2d 694, 695-96 (Fla. 2d DCA 2005). The defendant has not made this allegation, thus the trial court was correct in denying his motion. See Sampson v. State, 832 So.2d 251, 253 (Fla. 5th DCA 2002) (claims regarding insufficient proof of prior convictions were legally insufficient where defendant failed to allege that he lacked the prior criminal record necessary for habitualization). Moreover, because *1219 here the error does not appear on the face of the record, it is not cognizable under Florida Rule of Criminal Procedure 3.800(a). See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001) ("[T]he adjudication of a defendant as a habitual offender when the requisite sequential felonies do not exist may be corrected as an illegal sentence pursuant to rule 3.800(a) so long as the error is apparent from the face of the record.").
Affirmed.