PER CURIAM.
In this rule 3.800(a) proceeding challenging Appellant’s habitual offender sentence, the lower court summarily denied Appellant’s motion because it concluded that an evidentiary hearing was required. We reverse. When the issue relates to the viability of a predicate offense to support habitualization, a rule 3.800(a) motion is the proper procedural vehicle to attack the conviction if evidence of the challenged predicate conviction was introduced into evidence at the sentencing. Bover v. State, 797 So.2d 1246 (Fla.2001). Here, Appellant alleges that a certified copy of the challenged predicate conviction was part of the record. Therefore, as the state properly concedes, the lower court should have determined if the conviction was part of the record and, if so, whether Appellant is correct on the merits.
We therefore reverse the lower court’s order and remand this cause with directions that the lower court address the merits of Appellant’s motion or provide record support to conclusively refute the allegations.
REVERSED AND REMANDED.
THOMPSON, SAWAYA and TORPY, JJ., concur.