993 So.2d 117 (2008)
Frederick IVES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2831.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
*119 Frederick Ives, Florida City, pro se.
No appearance required for appellee.
PER CURIAM.
Frederick Ives appeals the circuit court's denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Because the motion fails to establish a valid basis for postconviction relief under any standard, we affirm.
Ives claims that his mandatory minimum sentence as a prison releasee reoffender (PRR) was illegal because the state produced only hearsay evidence to prove the date he was released from prison. See § 775.082(9)(a)1, Fla. Stat. (2005). The motion alleges that at sentencing the state introduced a letter from a Department of Corrections (DOC) employee averring to the date Ives was released and that this was the only evidence introduced to establish his release date.
The Florida Supreme Court has determined that a DOC release-date letter, standing alone, constitutes hearsay that does not fall within the business or public records exception to the hearsay rule. See Yisrael v. State, 986 So.2d 491 (Fla.2008). A DOC release-date letter alone would be inadmissible at sentencing to establish a defendant's release date for purposes of enhanced sentencing. Id. If a certified "Crime and Time" report is attached to the letter, as was the case in Yisrael, then the DOC letter is a proper means of authenticating the report, and together these documents are admissible to establish the release date.
Ives explains that his attorney objected at his sentencing to the use of the DOC letter on hearsay grounds but does not clearly explain whether a "Crime and Time *120 Report" was attached. Although the hearsay objection to the DOC letter preserved the issue, it was not raised on direct appeal.
In this rule 3.800(a) motion, Ives does not contend that the release-date letter misstates the date of his release and that his actual date of release makes him ineligible for PRR sanctions. Ives, therefore, does not establish that his sentence is illegal. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001) (holding that a challenge to recidivist sentencing may be raised in a rule 3.800(a) motion where the requisite predicate convictions do not exist as a matter of law and the error is apparent from the face of the record).
In Bover, the Florida Supreme Court approved the Second District's reasoning that rule 3.800(a) "is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process." Id. at 1249 (citing Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1992)). Ives' challenge to the procedure used in qualifying him for PRR sentencing is not cognizable in a rule 3.800(a) motion. Rangel v. State, 937 So.2d 1218 (Fla. 3d DCA 2006). A deficiency merely in the procedure employed, where the movant actually qualifies for an enhanced sentence, does not result in an illegal sentence.
Because the instant motion was filed within the time for seeking relief under rule 3.850, we have considered whether the deficiency alleged by Ives could be raised pursuant to that rule. Cf. Newkirk v. State, 947 So.2d 548 (Fla. 4th DCA 2006) (finding that a rule 3.850 movant failed to show prejudice from trial counsel's failure to object to evidence of prior convictions where the movant did not allege that the convictions used to enhance his sentence were not his or that he did not qualify for an enhanced sentence). See also Judge, 596 So.2d at 78 (discussing how relief from a procedural error at sentencing might be available under rule 3.850 if the movant can show prejudice).
Several appellate decisions have suggested that errors in the procedures used to establish a defendant qualifies for enhanced sentencing, while not cognizable in a rule 3.800(a) motion, "must be" raised in a rule 3.850 motion. See e.g. Zafora v. State, 900 So.2d 675 (Fla. 3d DCA 2005); Reese v. State, 899 So.2d 428, 429 (Fla. 3d DCA 2005); Cooper v. State, 817 So.2d 934 (Fla. 3d DCA 2002) (pertaining to claims of improper notice for enhanced sentencing).
We agree that rule 3.850 may provide a remedy but only when the movant can show prejudice from the alleged procedural deficiency, such as an illegal sentence. A rule 3.850 motion would be the proper vehicle where an evidentiary hearing is necessary to determine the date of the movant's release from prison or other disputed facts bearing on the defendant's qualification for enhanced sentencing. Rule 3.800(a), on the other hand, may be used to correct an illegal sentence at any time but only where the movant's lack of qualification for enhanced sentencing can be determined from the face of the record without the need for an evidentiary hearing.
According to the unsworn motion, the alleged deficiency was preserved for appeal in this case. Errors in the process used in determining a defendant qualifies for enhanced sentencing, such as the one at issue in this case, can constitute reversible error in a direct appeal. See, e.g., Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005); Glover v. State, 871 So.2d 1025 (Fla. 1st DCA 2004).
On remand for resentencing, however, the state is permitted to produce *121 further evidence to support the enhanced sentence. This second opportunity to properly qualify the defendant for enhanced sentencing does not violate the prohibition against double jeopardy. State v. Collins, 985 So.2d 985 (Fla.2008). Thus, if preserved and argued on direct appeal, errors in the sentencing process can entitle a defendant to a new sentencing proceeding. The same relief is not available in a postconviction motion.
Errors that are reversible on direct appeal are not necessarily sufficient to warrant postconviction relief. Carratelli v. State, 961 So.2d 312, 322 (Fla.2007) (explaining that, for purposes of a rule 3.850 claim alleging ineffective assistance of counsel, the movant must show prejudice at trial, not merely that the error would be reversible on direct appeal). A rule 3.850 motion is not a second appeal, and to merit relief in a postconviction motion, a procedural error must be of greater magnitude.
We conclude that an error in the process employed by a trial court in qualifying a defendant for an enhanced sentence, where the sentence could be legally imposed, does not warrant postconviction relief without a showing of prejudice.[1]
The rules permitting postconviction relief were intended to authorize relief for a very limited class of serious errors. As Judge Padovano has observed:
Despite its widespread use, rule 3.850 does not provide a mechanism for further review as a matter of course in every criminal case. To the contrary, the rule affords an extraordinary remedy for a limited class of errors that cannot be corrected on direct appeal.
Moore v. State, 768 So.2d 1140, 1142 (Fla. 1st DCA 2000) (finding that defendant's failure to raise on direct appeal a procedural error that occurs at sentencing constitutes a waiver and the "procedural default rule" bars consideration of the issue in a rule 3.850 motion). Rule 3.850(a)(1) might authorize relief for serious deprivations of procedural due process, but not where the issue could and should have been raised on direct appeal.
A mere procedural error like the one alleged by Ives, which could be corrected if the case were remanded on direct appeal, does not amount to an error serious enough to warrant postconviction relief. Generally, a procedural defect that arises at sentencing should be prejudicial to warrant disturbing the finality of the case and invoking postconviction remedies. Cf. Jackson v. State, 983 So.2d 562, 572 (Fla.2008) (discussing the definition of a "sentencing error" that can be raised under rule 3.800(b) and explaining that it includes "harmful" errors in orders entered as a result of the sentencing process, "not any error in the sentencing process").
Rule 3.850 should not be used to raise procedural errors that are not shown to be harmful. In a direct appeal, the burden is on the state to show harmless error. Goodwin v. State, 751 So.2d 537, 541 (Fla. 1999). In a postconviction motion, the burden almost invariably remains on the movant to show harmful error. *122 The claim presented here should be no different.
To obtain relief for his claim in a postconviction motion under rule 3.800(a) or rule 3.850, Ives must show he is prejudiced because the PRR sentence in this case could not be imposed. A mere defect in the procedure employed at sentencing that does not prejudice a defendant does not warrant postconviction relief.
GROSS, TAYLOR and MAY, JJ., concur.
NOTES
[1] A claim of scoresheet error that is raised in a rule 3.850 motion is subject to the "would-have-been-imposed" harmless error test because a properly calculated scoresheet is essential to the trial court's exercise of its sentencing discretion. State v. Anderson, 905 So.2d 111, 118 (Fla.2005). In this case, the trial court had no discretion and must impose a PRR sentence if the state shows by a preponderance of the evidence that the defendant qualifies. § 775.082(9)(a)3, Fla. Stat. (2005). Because the state would be permitted to properly establish the release date should resentencing be required, Ives is not prejudiced by the procedural deficiency unless he does not in fact qualify for the PRR sanction.