PER CURIAM.
AFFIRMED. See Baker v. State, 33 So.3d 46 (Fla. 5th DCA 2010) (affirming with citation to Fitzpatrick v. State, 868 So.2d 615 (Fla. 2d DCA 2004)); Baker v. State, 831 So.2d 217, 218 (Fla. 5th DCA 2002) (“Even though the circuit court in Pinellas County granted defendant’s 3.850 motion, and the defendant had already served his sentence, there is no way to alter his release date from that sentence. At the time of his release, defendant had statutory notice of the habitual offender requirements, and committed an offense within five years of his release.”); Price v. State, 692 So.2d 971, 971 (Fla. 2d DCA 1997) (“[A] defendant is not entitled to successive review of a specific issue which has already been decided against him.”) (citation omitted); State v. McBride, 848 So.2d 287, 289-90 (Fla.2003) (“[The law of the case] doctrine requires that ‘questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.’”) (quoting Florida Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001)).
GRIFFIN, LAWSON and COHEN, JJ„ concur.