PER CURIAM.
Enoch Wilson appeals the denial of a rule 3.800(a) motion. His motion challenged the evidence and the procedures used to sentence him as a habitual offender and prison releasee reoffender. He speculates that he may have been resen-tenced if the trial court had considered these issues when first raised in a rule 3.800(b)(2) motion, rather than improperly *1246 staying the motion pending his direct appeal. He did not raise these issues on direct appeal or in a timely rule 3.850 motion, his sentence was not final until the mandate issued on direct appeal in March 2007. Contrary to his arguments, the documents the state relied on at sentencing were admissible in this district at the time. Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006), disapproved in part, 993 So.2d 952 (Fla.2008). He has not alleged or demonstrated that his sentence is illegal within the meaning of rule 3.800(a). See Bover v. State, 797 So.2d 1246 (Fla.2001). A challenge to the procedures used to impose a habitual offender sentence cannot be raised in a rule 3.800(a) motion. See Ives v. State, 993 So.2d 117, 120 (Fla. 4th DCA 2008) (recognizing “[a] deficiency merely in the procedure employed, where the movant actually qualifies for an enhanced sentence, does not result in an illegal sentence”).
Accordingly, we affirm the circuit court’s order.

Affirmed.

WARNER, DAMOORGIAN and CONNER, JJ., concur.