PER CURIAM.
Michael J. Rigby appeals the summary denial of his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Rigby pled no contest, open to the court, to the crime of escape. Rigby was given a twenty-two year sentence as a habitual offender. Rigby contends that he should not have been sentenced as a habitual felony offender because he only had one prior felony. The record in the instant case clearly demonstrates on its face Rigby’s entitlement to relief because it only shows one prior felony. See § 775.084(l)(a), Fla. Stat. (2010) (requiring that the- defendant must have been convicted of two or more felonies). Therefore, Rigby’s habitual felony offender sentence must be vacated and the case remanded for resentencing. See Bover v. State, 797 So.2d 1246, 1247 (Fla.2001) (holding that where it is apparent on the face of the record that the necessary predicate offenses to qualify a defendant as a habitual felony offender do not exist, the error may be corrected pursuant to rule 3.800(a)); Smith v. State, 616 So.2d 1116, 1117 (Fla. 5th DCA 1993) (vacating and remanding for resentencing after successful 3.800(a) appeal challenging habitual offender sentence). We note that the State concedes error.
REVERSED and REMANDED.
LAWSON, C.J., SAWAYA and EDWARDS, JJ., concur.