FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-3544
_____

TONY GARY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

June 28, 2019

RAY, J.

    Tony Gary appeals the summary denial of his motion to correct an illegal sentence. We affirm.

    In 2002, Gary was convicted of home invasion robbery and grand theft auto. The court designated him as a habitual felony offender on both counts and sentenced him to life in prison with a thirty-year mandatory minimum as a prison releasee reoffender for the robbery and a concurrent ten-year term for the theft. Gary appealed, and this court affirmed without opinion. *Gary v. State*, 857 So. 2d 882 (Fla. 1st DCA 2003).

    Since that time, Gary has brought several collateral attacks on his convictions and sentences—all unsuccessful—including the rule 3.800(a) motion subject to this appeal. Of the multiple claims

in his motion before the circuit court, we address the sole issue raised on appeal. All others are waived. *See Watson v. State*, 975 So. 2d 572, 573 (Fla. 1st DCA 2008) ("[W]hen a defendant submits a brief in an appeal from a summary denial of a postconviction motion, this Court may review only those arguments raised and fully addressed in the brief.").

Gary contends that his designation as a habitual felony offender is improper because the State relied on out-of-state court documents that were inadmissible hearsay to prove the existence of one of the predicate felonies. But as the court correctly explained in its order denying relief, a challenge to the procedure that led to the imposition of the punishment is not cognizable in a rule 3.800(a) proceeding. *See Martinez v. State*, 211 So. 3d 989, 992 (Fla. 2017); *see also Ives v. State*, 993 So. 2d 117, 120 (Fla. 4th DCA 2008) ("A deficiency merely in the procedure employed, where the movant actually qualifies for an enhanced sentence, does not result in an illegal sentence."). Moreover, Gary stipulated to the admission of the documents he now alleges to be hearsay and did not dispute that those documents identified him as the perpetrator. Because the record shows that Gary was properly sentenced as a habitual felony offender and that his claim is otherwise not cognizable in a rule 3.800 proceeding, his motion was due to be denied.

We warn Gary that frivolous or repetitious postconviction challenges will not be tolerated as they diminish "the ability of the courts to devote their finite resources to the consideration of legitimate claims." *State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999). Future filings of this nature may result in the imposition of sanctions, including a bar on pro se filings and a referral to prison officials for disciplinary proceedings.

AFFIRMED.

B.L. THOMAS, C.J., and WINOKUR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Tony Gary, pro se, Appellant.

Ashley Moody, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.