# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-0234
_____


FRANK ANDRE MOSLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.


_____


On appeal from the Circuit Court for Santa Rosa County.
Clifton A. Drake, Judge.


August 6, 2025


PER CURIAM.

Frank Andre Mosley appeals an order denying his postconviction motion to correct his illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). He argues that the trial court erred in denying relief because (1) his sentences as a Prison Releasee Reoffender (PRR) are unconstitutional under *Erlinger* v. *United States,* 602 U.S. 821 (2024), and (2) the sentencing court erroneously relied on inadmissible hearsay when it sentenced him as a PRR. Finding no error by the trial court, we affirm.

After a 2011 jury trial, Mosley was convicted of lewd or lascivious molestation and aggravated stalking of a minor. The trial court imposed consecutive fifteen-year and five-year PRR sentences. On direct appeal, this court reversed the trial court's imposition of consecutive PRR sentences. *See Mosley v. State,* 112 So. 3d 538 (Fla. 1st DCA 2013). But the Florida Supreme Court quashed that decision. *State v. Mosley*, 149 So. 3d 684 (Fla. 2014). Mosley's original sentences were then reinstated in 2015.

Mosley thereafter sought to collaterally attack his sentence in the trial court, followed by multiple unsuccessful appeals and petitions in this court. *See Mosley v. State,* 162 So. 3d 281 (Fla. 1st DCA 2015) (denying on the merits petition alleging ineffective assistance of appellate counsel); *Mosley v. State,* 310 So. 3d 394 (Fla. 1st DCA 2021) (affirming order denying rule 3.850 motion); *Mosley v. State,* 371 So. 3d 925 (Fla. 1st DCA 2023) (affirming order denying rule 3.800(a) motion); *Mosley v. State,* 371 So. 3d 927 (Fla. 1st DCA 2023) (same); *Mosley v. State,* 392 So. 3d 169 (Fla. 1st DCA 2024) (affirming order denying rule 3.800(a) motion and warning Mosley against future frivolous pro se filings).

In 2024, Mosley again moved to collaterally attack his sentence under rule 3.800(a), arguing first that his PRR sentences are unconstitutional given the Supreme Court's decision in *Erlinger* and that he is entitled to resentencing. Mosley asserted that, under *Erlinger,* his sentences were unconstitutional because the PRR determination was not made by the jury. The circuit court denied relief on this claim, concluding that *Erlinger* did not apply retroactively. The trial court did not err in its conclusion. "A change in the law only applies retroactively to final cases if the change (1) emanates from the Florida Supreme Court or United States Supreme Court, (2) is constitutional in nature, and (3) constitutes a development of fundamental significance." *Wainwright v. State,* No. SC2025-0708, 2025 WL 1561151, *5 (Fla. June 3, 2025). As the supreme court explained in *Wainwright*, any change in law stemming from *Erlinger* is not fundamentally significant and does not satisfy the retroactivity test. *Id.* Because more than eight years have passed since Mosley's sentences became final, he is not entitled to relief under *Erlinger. See also Teague v. Lane,* 489 U.S. 288, 310 (1989) ("[N]ew constitutional

2

rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

As to his second claim, the trial court did not err in denying relief on that claim, either. Mosley alleged that his sentences were illegal because the sentencing court relied on inadmissible hearsay—a certified letter from state correctional services—to determine Mosley's eligibility for PRR sentencing. The trial court correctly concluded that this postconviction claim was legally insufficient because Mosley did not allege that his offenses occurred more than three years after being released from prison. *See Bover v. State,* 797 So. 2d 1246, 1251 (Fla. 2001); *Rangel v. State,* 937 So. 2d 1218, 1218 (Fla. 3d DCA 2006). This claim is also not cognizable under rule 3.800(a). *See Gary v. State,* 276 So. 3d 401, 402 (Fla. 1st DCA 2019) ("[A] challenge to the procedure that led to the imposition of the punishment is not cognizable in a rule 3.800(a) proceeding."); *Martinez v. State*, 211 So. 3d 989, 992 (Fla. 2017).

AFFIRMED.

OSTERHAUS, C.J., ROWE and LONG, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Frank Andre Mosley, pro se, Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.