874 So.2d 668 (2004)
Nick MOLFETTO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3397.
District Court of Appeal of Florida, Second District.
May 12, 2004.
Rehearing Denied June 15, 2004.
DAVIS, Judge.
Nick Molfetto appeals the summary denial of his motion to correct illegal sentence and amended motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800, and his motion for transcript. In his motions, Molfetto challenges his sentence as illegal and raises several additional claims for relief. We affirm, without discussion, the trial court's order as to all but one of Molfetto's claims.
Molfetto was adjudicated guilty and received an enhanced sentence as a violent career criminal (VCC). In his motion, Molfetto claims his sentence is illegal because he does not have the requisite felonies to be sentenced as a VCC. Specifically, he claims that he does not qualify to be sentenced as a VCC pursuant to section 775.084(4)(c), Florida Statutes (1999), because the record does not show that he was convicted of aggravated assault in New York.
The trial court concluded that Molfetto met the criteria required to be sentenced as a VCC whose primary offense was a second-degree felony because he was properly found to have three prior qualifying convictions. See § 775.084. After reviewing the transcripts, the trial court concluded that the documents submitted by the State at the sentencing hearing to prove Molfetto had the requisite felony convictions were sufficient to support his designation as a VCC.
Although the trial court attached those portions of the record it relied on to support the denial of Molfetto's claim, it is not apparent from the face of the record that Molfetto was actually convicted of three *669 prior convictions as needed to properly sentence him as a VCC. The attached portions of the record show that Molfetto was charged with aggravated assault but do not show that he was convicted.[1]
Molfetto's sentence is subject to challenge under rule 3.800(a) because the requisite predicate felonies necessary to qualify him as a VCC do not exist on the face of the record. See Mack v. State, 823 So.2d 746 (Fla.2002); Bover v. State, 797 So.2d 1246 (Fla.2001). Therefore, we reverse the order of the trial court as to Molfetto's claim that the requisite predicate felonies necessary to sentence him as a VCC do not exist on the face of the record and remand for a determination as to whether Molfetto has the three prior felony convictions needed to be properly sentenced as a VCC. At the time his sentence was imposed, Molfetto did not raise an objection on the basis that he lacked the requisite prior felony convictions necessary to be sentenced as a VCC. Therefore, on remand, the State should be given the opportunity "to present record evidence that other prior convictions existed" to support his sentence as a VCC. See Bover 797 So.2d at 1251. If Molfetto does not have the necessary prior convictions, he is entitled to be resentenced according to the sentencing guidelines; otherwise, the trial court should attach copies of his prior convictions or other portions of the record that conclusively show Molfetto was qualified to be sentenced as a VCC. See Botelho v. State, 691 So.2d 648 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded with directions.
KELLY and VILLANTI, JJ., concur.
NOTES
[1] The documents from New York attached to the trial court's order are docket sheets that do not identify, by title, the offense with which Molfetto was charged. The trial court's reliance on the criminal history sheet prepared by the Tampa Police Department and the entry on that report, citing a New York conviction for aggravated assault, is misplaced. From a review of the New York statutes that correspond to those listed on the attached New York documents, it appears that Molfetto was charged with aggravated assault in New York. However, the documents do not show that Molfetto was actually convicted of the charges. Additionally, Molfetto attached to his petition a document that purports to show that the aggravated assault charge was reduced to resisting arrest.