PER CURIAM.
Timothy Martin appeals the summary denial of his motion to correct illegal sentence pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure alleging that his sentence was based on an improperly calculated scoresheet. We previously held in Martin v. State, 795 So.2d 143 (Fla. 3d DCA 2001), that under the version of the habitual offender statute then in effect, Martin could not be sentenced as a habitual offender in count five because the statute did not authorize habitualization for a life felony. We therefore remanded the ease to the trial court with directions to strike the habitual offender adjudication from count five and resentence the defendant within the guidelines. Because Martin’s guidelines maximum was twenty-two years and he had already agreed, in the plea bargain, to a twenty-seven year habitual offender sentence on counts one and two, we instructed that, on remand, Martin need not be present for the resentencing on count five.
The record reflects that in the trial court, the State admitted that counts one and two should not have been scored as additional offenses and therefore recomputed his scoresheet to reflect a permitted range of nine to twenty-two years in State *453 Prison. The State argued that Martin should be sentenced to twenty-two years in prison. The trial court denied Martin’s motion “as he is already sentenced to 22 years in State Prison as to count 6.” It is not clear from the record whether Martin is currently serving a twenty-two or a twenty-seven year sentence, nor is it clear whether the State has satisfied the sequential conviction requirement necessary for the imposition of a habitual offender sentence.
We therefore reverse and remand for a new sentencing hearing at which point the State will have the opportunity to present record evidence that other prior convictions existed that would satisfy the sequential conviction requirement for habitualization. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001).