942 So.2d 967 (2006)
Nicholas Joseph MOLFETTO, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-409.
District Court of Appeal of Florida, Second District.
November 29, 2006.
Nicholas Joseph Molfetto, Jr., pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Nicholas Joseph Molfetto, Jr., appeals his sentence of thirty years' imprisonment as a habitual felony offender for the offense of escape, entered after this court reversed an earlier sentence for this offense. We affirm. In 2001, Mr. Molfetto was convicted of felony fleeing to elude, felony petit theft, obstructing or opposing an officer without violence, and escape from police custody. Originally, he was sentenced on the escape conviction to forty years' imprisonment as a violent career criminal pursuant to section 775.084(4)(c), Florida Statutes (Supp.1998). Thereafter, Mr. Molfetto filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion. On appeal, this court affirmed except for one issue. We reversed and remanded for a determination of whether the record established the existence of an offense in New York that was essential for sentencing in Florida as a violent career criminal. Molfetto v. State, 874 So.2d 668 (Fla. 2d DCA 2004). At the conclusion of that opinion, we stated: "If Molfetto does not have the necessary prior convictions, he is entitled to be resentenced according to the sentencing guidelines; otherwise, the trial court should attach copies of his prior convictions or other portions of the record that conclusively show Molfetto was qualified to be sentenced as a VCC." Id. at 669.
On remand, the trial court resentenced Mr. Molfetto as a habitual felony offender and imposed a sentence of thirty years' imprisonment pursuant to section 775.084(4)(a). Mr. Molfetto contends that the trial court could not impose a habitual felony offender sentence in this case and was compelled to impose a sentence according to the guidelines because of the above-quoted language from this court's prior opinion. Although our prior opinion could have been more precise, we disagree with Mr. Molfetto's argument.
*969 In this case, violent career criminal sentencing is only one of several possible enhancements under section 775.084. On remand, the trial court determined that Mr. Molfetto did not qualify for an enhanced sentence as a violent career criminal but that he did qualify for an enhanced sentence as a habitual offender. We did not intend by the language in our prior opinion to prevent that option and would have had no legal basis for that restriction if we had attempted to impose it for a proceeding pursuant to rule 3.800(a).
Accordingly, we affirm the habitual felony offender sentence in this case because it is a lawful and appropriate sentence.
Affirmed.
SALCINES and KELLY, JJ., Concur.