NORTHCUTT, Judge.
Jesse Zink challenges his conviction for robbery and his sentence as a violent career criminal to thirty years in prison. We affirm Zink’s conviction without comment and write to explain why we disagree with the State’s concession of error on the sentencing issue.
Zink maintains that the trial court erred by imposing a violent career criminal sentence because the State failed to prove that he had the requisite number of prior convictions. To qualify for sentencing as a violent career criminal, a defendant must have three or more qualifying convictions. § 775.084(l)(d), Fla. Stat. (2002). Qualifying convictions can include any forcible felony, as described in section 776.08, or escape. § 775.084(l)(d)(l)(a), (f). At sentencing, the State introduced a 2003 judgment that included a conviction for robbery, two 1990 judgments with convictions for robbery and escape, and a 1987 judgment with a burglary conviction.
The 1990 judgments were entered on the same day and by the same judge, who imposed concurrent sentences. At the sentencing hearing in the instant case, defense counsel objected to the court’s treat *35 ment of these convictions as separate qualifying offenses. See § 775.084(5) (requiring sequential convictions that were “sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony” in order to impose violent career criminal sentence); see also Bover v. State, 797 So.2d 1246, 1250 (Fla. 2001) (stating that under § 775.084(5), “although the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of the same sentencing proceeding”).
At the sentencing hearing, the prosecutor argued that the qualifying convictions did not have to be sequential. On appeal, however, the State acknowledges this requirement, and it concedes error because the 1990 judgments appear to constitute only a single qualifying conviction. In conceding that a reversal is warranted, however, the State has overlooked the 1987 burglary conviction. Under section 776.08, Florida Statutes (2002), a forcible felony includes burglary as well as robbery. See Rodriguez v. State, 826 So.2d 464 (Fla. 3d DCA 2002) (holding that burglary is a qualifying offense for violent career criminal sentencing). Accordingly, we affirm.
Affirmed.
WHATLEY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.