965 So.2d 197 (2007)
Joseph ROMEO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1688.
District Court of Appeal of Florida, Third District.
August 29, 2007.
Joseph Romeo, in proper person.
Bill McCollum, Attorney General, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.
PER CURIAM.
This is an appeal of an order denying a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure *198 3.800(a). We affirm in part and reverse in part.
Defendant-appellant Joseph Romeo was convicted of manslaughter and sentenced as a Violent Career Criminal (VCC). See § 775.084(1)(c), Fla. Stat. (1997).[*] The defendant filed a Rule 3.800(a) motion in which he challenged his sentence as a VCC. The trial court denied the motion stating that the motion is duplicative of prior 3.800 motions and that "[d]efendant has on at least 2 prior occasions raised these same issues which were denied and affirmed." The defendant has appealed.
As a procedural matter, when there is a denial on the basis that the same issue has previously been disposed of on the merits, the correct procedure is to attach the previous motion and denial so it is made part of the postconviction record on appeal. See Lopez v. State, 946 So.2d 46 (Fla. 3d DCA 2006). The trial court did not do so in this case.
The defendant's main claim on this appeal is that he does not actually qualify as a VCC. He asserts that the predicate offenses relied on by the trial court in adjudicating him a VCC are not qualifying offenses under the VCC statute. Such a claim is cognizable in a Rule 3.800(a) motion. See Bover v. State, 797 So.2d 1246 (Fla.2001).
In the exercise of discretion this court has taken judicial notice of its files regarding the defendant's prior postconviction appeals. So far as this court can ascertain, the defendant has not previously raised this claim. Successive Rule 3.800(a) motions are allowed, so long as the claim has not previously been adjudicated on the merits. See State v. McBride, 848 So.2d 287, 290-91 (Fla.2003). We therefore reverse the order now before us as to this claim and remand for consideration of the merits.
The defendant has raised a second attack on his VCC adjudication. He maintains that the notice of enhancement filed in his case was legally insufficient. This issue was raised in a previous postconviction motion, although it is not entirely clear whether it was adjudicated on the merits. In any event, a claim of legal insufficiency of a notice of enhancement cannot be raised by a Rule 3.800(a) motion. Reese v. State, 899 So.2d 428, 429-30 (Fla. 3d DCA 2005); Cooper v. State, 817 So.2d 934 (Fla. 3d DCA 2002). We affirm the trial court's order insofar as it denied relief on the notice issue.
For the stated reasons, we affirm the denial order in part, reverse in part, and remand for further proceedings consistent herewith.
NOTES
[*] It appears that the date of the manslaughter offense was January 22, 1998.