977 So.2d 661 (2008)
Dwayne JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2620.
District Court of Appeal of Florida, Second District.
February 20, 2008.
Rehearing Denied April 2, 2008.
*662 Robyn M. Blake of Robyn M. Blake, P.A., Miami, for Appellant.
VILLANTI, Judge.
Dwayne L. Johnson appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of Johnson's first claim without comment. We reverse the denial of claim two and remand with instructions.
Johnson was convicted by a jury of one count of escape and one count of battery on a law enforcement officer (BOLEO). The State served a notice of its intent to seek to have Johnson sentenced as a violent career criminal (VCC) pursuant to section 775.084(1)(d), Florida Statutes (2000). After a hearing, the trial court found that Johnson qualified as a VCC. Johnson's BOLEO conviction was a third-degree felony. See § 784.07(2)(b), Fla. Stat. (2000). Thus, the trial court sentenced Johnson on his BOLEO conviction to fifteen years in prison with a ten-year minimum mandatory pursuant to section 775.084(4)(d)(3).
In claim two of his motion, Johnson alleged that his BOLEO conviction is not subject to VCC sentencing because BOLEO is not a "forcible felony." See § 775.084(1)(d)(1)(a), Fla. Stat. (2000) (providing that a "forcible felony" is a qualifying offense); § 776.08, Fla. Stat. (2000) (defining "forcible felony"). Johnson is correct. The Florida Supreme Court has held that BOLEO is not a "forcible felony" for purposes of VCC sentencing because "`the use or threat of physical force or violence against any individual' is not a necessary element of the crime." State v. Hearns, 961 So.2d 211, 216 (Fla.2007) (quoting Perkins v. State, 576 So.2d 1310, 1313 (Fla.1991)). Johnson's VCC sentence on his escape conviction is unaffected by Hearns. See § 775.084(1)(d)(f) (listing escape as a qualifying felony for VCC sentencing).
Accordingly, we reverse the postconviction court's denial of Johnson's rule 3.800(a) motion, and we direct the trial court to vacate the VCC sentence on his BOLEO conviction and resentence Johnson to any sentence that the trial court could have legally imposed for this conviction at the original sentencing hearing. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded for resentencing.
WHATLEY and LaROSE, JJ., Concur.