978 So.2d 828 (2008)
Simon CRIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3296.
District Court of Appeal of Florida, Second District.
March 14, 2008.
CANADY, Judge.
Simon Cribbs appeals the summary denial of his motion filed pursuant to Florida *829 Rule of Criminal Procedure 3.800(a). We affirm the postconviction court's denial of claim two without comment but reverse the denial of claim one and remand for resentencing.
Cribbs claimed that his sentence of fifteen years' prison with a ten-year mandatory minimum as a violent career criminal (VCC) on his conviction for battery on a law enforcement officer (BOLEO) is illegal because BOLEO is not a "forcible felony" that qualifies for VCC sentencing. See § 775.084(1)(d)(1)(a), Fla. Stat. (2001) (stating that a "forcible felony" is subject to VCC sentencing); § 776.08, Fla. Stat. (2001) (defining "forcible felony" and listing offenses which constitute forcible felonies); § 784.07(2), Fla. Stat. (2001) (defining the offense of battery on a law enforcement officer). The postconviction court erroneously denied the claim, finding that Cribbs' offense qualified because there was evidence he used violence in its commission.
For an offense not specifically enumerated in section 776.08, the Florida Supreme Court has held that the use or threat of physical violence must be an essential element of the offense if it is to be considered a "forcible felony." State v. Hearns, 961 So.2d 211, 215 (Fla.2007) (citing Perkins v. State, 576 So.2d 1310, 1313 (Fla.1991)). The supreme court has also decided that "BOLEO is not a forcible felony under section 776.08 and should not [be] counted as a qualifying offense for VCC sentence enhancement" because one may commit the offense without the use or threat of violence. Hearns, 961 So.2d at 219. Consequently, we reverse the denial of Cribbs' claim. Because BOLEO is a felony of the third degree pursuant to section 784.07, Florida Statutes (2001), and Cribbs' fifteen-year sentence exceeds the statutory maximum for this offense, we remand for resentencing on count one without the VCC enhancement.
Affirmed in part, reversed in part, and remanded.
WHATLEY and LaROSE, JJ., Concur.