992 So.2d 912 (2008)
Erwin P. WILDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-730.
District Court of Appeal of Florida, Second District.
October 24, 2008.
*913 Erwin P. Wilder, pro se.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
KHOUZAM, Judge.
Erwin P. Wilder appeals the summary denial of a postconviction motion in which he raised several claims. We affirm without discussion the summary denial of relief on all claims except for Wilder's claim concerning the illegality of his violent career criminal sentence enhancement. We reverse the summary denial of relief on this claim and remand for resentencing.
Following a jury trial, Wilder was convicted of battery on a law enforcement officer (BOLEO) for an incident that occurred on October 2, 2004. He was sentenced as a violent career criminal (VCC) on this third-degree felony to ten years' imprisonment with a ten-year minimum mandatory. In his postconviction motion, Wilder claimed that his enhanced sentence as a VCC on his BOLEO conviction was illegal. The court summarily denied relief on Wilder's claim and this appeal ensued.
In State v. Hearns, 961 So.2d 211, 216 (Fla.2007), the supreme court held that BOLEO is not a "forcible felony" that can be counted as a qualifying felony to enhance a defendant's sentence as a VCC. Applying the rationale espoused in Hearns, this court has determined that a conviction for BOLEO is not subject to VCC enhancement. Cribbs v. State, 978 So.2d 828 (Fla. 2d DCA 2008) (reversing, in part, summary denial of Florida Rule of Criminal Procedure 3.800(a) motion and remanding for resentencing on conviction for BOLEO); Johnson v. State, 977 So.2d 661 (Fla. 2d DCA 2008) (reversing summary denial of rule 3.800(a) motion and directing court to vacate the VCC sentence and resentence on conviction for BOLEO).
The pertinent provisions of the 2004 statutes, which are applicable in the present case, are virtually identical to the 2000 statutes applied in Johnson and the 2001 statutes applied in Cribbs. See § 775.084(1)(d)(1)(a), Fla. Stat. (2000, 2001, 2004) (stating that a "forcible felony" is subject to VCC sentencing); § 776.08, Fla. Stat. (2000, 2001, 2004) (defining "forcible felony" and listing offenses which constitute forcible felonies); § 784.07, Fla. Stat. (2000, 2001, 2004) (providing definitions and reclassifying the severity of battery on a law enforcement officer). Thus, Wilder was not subject to a VCC sentence enhancement on his BOLEO conviction.
Pursuant to section 784.07(2)(b), BOLEO is a felony of the third degree. Wilder's sentence of ten years' imprisonment with a ten-year minimum mandatory exceeded the statutory maximum for this offense. Accordingly, we reverse the denial of relief on this claim and remand for resentencing. The court is directed, on *914 remand, to vacate the VCC sentence enhancement on Wilder's BOLEO conviction and to resentence Wilder to any sentence that could have been legally imposed for this conviction at the original sentencing hearing. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and VILLANTI, JJ., Concur.