WHATLEY, Judge.
 

 In a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), Simon Cribbs challenged his enhanced sentences as a violent career criminal (VCC). We affirm the dismissal of claim one but hold that Cribbs is entitled to relief on claim two.
 

 Claim one of Cribbs’ motion is identical to a claim raised in a prior rule 3.800(a) motion. He obtained relief on that claim pursuant to
 
 Cribbs v. State,
 
 978 So.2d 828 (Fla. 2d DCA 2008). The postconviction court correctly dismissed this portion of Cribbs’ motion as moot.
 

 In claim two, Cribbs challenges the VCC sentence imposed upon his conviction of resisting an officer with violence on the ground that he does not have three prior qualifying convictions as required for VCC sentence enhancement.
 
 See
 
 § 775.084(1)(d), Fla. Stat. (2002). This claim was previously denied and affirmed on appeal in
 
 Cribbs.
 
 Although this claim would typically be collaterally estopped, we are nevertheless compelled to correct a manifest injustice, as the State forthrightly concedes.
 
 See Cillo v. State,
 
 913 So.2d 1233, 1233 (Fla. 2d DCA 2005).
 

 The record shows that the State offered a prior conviction of battery on a law enforcement officer (BOLEO) and two other prior convictions as predicates for VCC sentencing. However, BOLEO is not a qualifying offense for VCC sentence enhancement.
 
 State v. Hearns,
 
 961 So.2d 211, 215 (Fla.2007). The record does not establish the existence of the requisite predicate felonies to qualify Cribbs as a VCC. Accordingly, we reverse the dismissal of this claim.
 
 See Molfetto v. State,
 
 874 So.2d 668, 669 (Fla. 2d DCA 2004). We remand for resentencing in which any legal sentence may be imposed.
 
 See State v. Collins,
 
 985 So.2d 985 (Fla.2008);
 
 Molfetto v. State,
 
 942 So.2d 967 (Fla. 2d DCA 2006).
 

 Affirmed in part, reversed in part, and remanded.
 

 KELLY and CRENSHAW, JJ., Concur.