On Motion for Rehearing
 

 SUAREZ, J.
 

 On Robert T. Benjamin’s proper motion for rehearing, we grant rehearing, withdraw our prior opinion dated June 24, 2009, and substitute the following:
 

 Robert T. Benjamin seeks to reverse a trial court order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. We reverse and remand.
 

 Benjamin was convicted of strong-arm robbery and sentenced to a term of forty years in prison, with a thirty-year mandatory minimum sentence as a Violent Career Criminal (VCC) \ and a concurrent fifteen-year mandatory minimum as a prison release reoffender (PRR)
 
 [2]
 
 . On post-conviction motion, Benjamin argued that his VCC sentence is illegal because he does not have a prior qualifying offense under the VCC statute. According to the record of the oral pronouncement of sentence, one of the defendant’s qualifying offenses was battery on a law enforcement officer. The Florida Supreme Court has held that battery on a
 
 [1]
 
 law enforcement officer is not a qualifying offense for VCC
 
 *947
 
 sentencing.
 
 State v. Hearns,
 
 961 So.2d 211 (Fla.2007);
 
 De La Portilla v. State,
 
 2 So.3d 1125 (Fla. 3d DCA 2009).
 

 In this case, the trial court denied relief on the theory that Benjamin had previously made this same claim and the claim was denied.
 
 [3]
 
 However, because of the severity of the sentence, this case fits squarely within the ‘manifest injustice’ exception set forth in
 
 State v. McBride,
 
 848 So.2d 287 (Fla.2003);
 
 see also State v. Sigler,
 
 967 So.2d 835, 840 (Fla.2007) (stating that an illegal conviction falls within the concept of manifest injustice);
 
 Cribbs v. State,
 
 — So.3d-, 2009 WL 2634075 (Fla. 2d DCA 2009) (holding that, although defendant’s VCC sentence claim was previously denied and affirmed on appeal and would typically be collaterally estopped, the court is compelled to correct a manifest injustice).
 

 We therefore grant Benjamin’s motion for rehearing, vacate the VCC sentence and remand for resentencing. At resen-tencing, the State may attempt to establish that Benjamin qualifies for an enhanced sentence under any other applicable portion of section 775.084, Florida Statutes (2001).
 

 Reversed, VCC sentence vacated, and remanded for resentencing.
 

 [1]
 

 . Section 775.084, Florida Statutes (2001); the defendant states that his offense dale was February 15, 2001.
 

 [2]
 

 . Section 775.082(9)(a), Florida Statutes (2001).
 

 [3]
 

 .
 
 See Romeo v. State,
 
 965 So.2d 197 (Fla. 3d DCA 2007), which reminds the court that, as a procedural matter, when there is a denial on the basis that the same issue has previously been disposed of on the merits, the correct procedure is to attach the previous motion and denial so it is made part of the post-conviction record on appeal. Here, the trial court did not do so.
 
 See also Lopez v. State,
 
 946 So.2d 46 (Fla. 3d DCA 2006).