PER CURIAM.
 

 The Appellant, Darrell D. McDuffie, challenges the denial of his motion to correct illegal sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied the 'motion as successive, but its order did not include record attachments showing the motion was, in fact, successive. McDuffie argues this deficiency mandates reversal of the order denying his motion. Ordinarily, we would be inclined to agree.
 
 See Romeo v. State,
 
 965 So.2d 197 (Fla. 3d DCA 2007). However, reversal is not warranted in this case because it is clear from the face of the motion that the grounds claimed therein are without merit as a matter of law. There is no requirement that a court make a finding that a habitual felony offender sentence is necessary for the protection of the public before imposing it.
 
 See
 
 § 775.084(3)(a)6., Fla. Stat. (2000). Therefore, the order denying McDuffie’s rule 3.800(a) motion is affirmed, even though the trial court was remiss in failing to include record attachments to support its conclusion that the motion was successive.
 

 AFFIRMED.
 

 PALMER, ORFINGER and JACOBUS, JJ., concur.