VILLANTI, Judge.
Anthony Butler appeals from an order denying his motion filed under Florida Rules of Criminal Procedure 3.800(a) and *329 8.850. We affirm the postconviction court’s denial of Butler’s rule 3.850 claim without further comment. We reverse and remand for further proceedings as to the rule 3.800(a) claim because the record reflects that Butler possesses only two of the three predicate convictions required to support Butler’s violent career criminal (VCC) status.
Butler entered a plea of guilty to one count each of burglary and grand theft in return for a sentence of thirty years’ imprisonment as a VCC for the burglary, with the thirty years designated a minimum-mandatory term, and a concurrent ten years as a habitual felony offender (HFO) for the theft.[1] Butler alleged in his motion that he has been convicted of only two of the three predicate offenses required for a VCC designation and sentence: burglaries for which Butler was sentenced on March 18, 1988, and June 17, 1994. The postconviction court, however, denied Butler’s claim, attaching what it interpreted as the record of another conviction, the judgment and sentence documentation dated November 16, 2001, for a burglary. In a motion for rehearing, Butler correctly pointed out that these documents were entered upon revocation of the probation imposed for the burglaries for which he was originally sentenced on June 17, 1994,[2] and should therefore not count as a separate conviction. The court denied the motion for rehearing.
Rule 3.800(a) is an appropriate vehicle for raising the claim Butler raised. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001) (“[W]e conclude that the adjudication of a defendant as a habitual offender when the requisite sequential felonies do not exist may be corrected as an illegal sentence pursuant to rule 3.800(a) so long as the error is apparent from the face of the record.”); Molfetto v. State, 874 So.2d 668, 669 (Fla. 2d DCA 2004) (applying this principle to VCC sentencing). Butler’s claim is facially sufficient because he alleges that a third VCC predicate conviction does not exist. See Macaluso v. State, 912 So.2d 694, 695 (Fla. 2d DCA 2005) (“A facially sufficient attack on the legality of a habitual felony offender (‘HFO’) sentence requires the defendant to affirmatively allege that the predicate prior convictions do not exist as a matter of law.”).[3]
A violent career criminal is a defendant who “has previously been convicted as an adult three or more times ” of any of certain enumerated offenses, including forcible felonies. § 775.084(1)(d)(1)(a), Fla. Stat. (2002) (emphasis added).[4] Although *330 the word “convicted” has minor variations in meaning depending on the statute or other authority, the term does not encompass a new “judgment” entered upon revocation of the probation being served for an earlier offense of which the defendant was already convicted. See, e.g., State v. Smith, 160 Fla. 288, 34 So.2d 533, 534 (1948) (“The word ‘convicted,’ as used in [a minimum-mandatory-sentencing statute since repealed], means the adjudication by the court of the defendant’s guilt and the pronouncement by the court of the penalty imposed on the defendant upon the acceptance of a plea of guilty or upon a verdict of guilty, or a finding of guilty by the court.”); cf. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (“A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.”); Lambert v. State, 545 So.2d 838, 841 (Fla.1989) (noting that a “violation of probation is not itself an independent offense punishable at law in Florida” and that conduct underlying such a violation is punished by, inter alia, “revocation of probation” and “conviction and sentencing for the new offense ” (emphasis added)); see also People v. Nance, 221 P.3d 428, 431 (Colo.App.2009) (“[P]ro-bation revocation is not a conviction....”). To the extent that conviction is considered to occur upon adjudication, Smith, 34 So.2d at 534, and a defendant is first adjudged guilty for the underlying offense upon revocation of probation, § 948.06(1), Fla. Stat. (2002), there is still only one conviction for a given offense. Cf. Valdes v. State, 3 So.3d 1067,1069 (Fla.2009) (noting that the federal and Florida constitutions “prohibit[] subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense”).
In short, the postconviction court erred in relying on a second “judgment” that did not reflect a new conviction but merely a revocation of the probation imposed on Butler upon an earlier conviction. The State concedes this in its answer brief. We therefore reverse and remand for further proceedings. The State shall have the opportunity to submit competent evidence of a third conviction. See Martin v. State, 884 So.2d 452, 453 (Fla. 3d DCA 2004). If the State cannot do so, Butler shall have the opportunity to withdraw his plea, see McDuffie v. State, 946 So.2d 99, 100 (Fla. 2d DCA 2006), at which time the parties may arrive at a new plea agreement that omits the VCC designation, failing which a trial will be necessary.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND and DAVIS, JJ„ Concur.

. The HFO designation is not at issue in this appeal.

. The November 16, 2001, sentencing court apparently entered a second "judgment” for the earlier offense rather than an order of revocation of probation. Cf. Johnson v. State, 17 So.3d 1290 (Fla. 2d DCA 2009) (criticizing this practice).

. Butler’s motion also recites that his trial counsel and the State agreed that he "qualified for [VCC] sentencing.” Ordinarily, a defendant waives the procedural requirements of the habitualization statute, § 775.084(3), Fla. Stat. (2002), when the defendant has stipulated to qualifying for habitualization and to being sentenced accordingly. E.g., Greenlee v. State, 591 So.2d 310, 310-11 (Fla. 2d DCA 1991). However, an exception to the waiver exists when the defendant can demonstrate that the predicate offenses do not exist. Lee v. State, 731 So.2d 71, 73 (Fla. 2d DCA 1999); Hearns v. State, 912 So.2d 377, 379 (Fla. 3d DCA 2005).

.Burglary is a forcible felony. § 776.08, Fla. Stat. (2002). Butler was sentenced for multiple burglaries on his two original sentencing dates, but only one conviction can be counted for each sentencing proceeding. See Bover, 797 So.2d at 1250; Zink v. State, 951 So.2d 34, 35 (Fla. 2d DCA 2007) (applying this principle to VCC sentencing).