DAVIS, Judge.
Christopher Cunningham appeals from an order denying his three-claim motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to claims one and two without further comment. We reverse and remand as to claim three, treated by the postconviction court as if filed under rule 3.800(a), because the records of previous convictions provided by the State and attached to the order on appeal do not clearly demonstrate that Cunningham could be sentenced as a habitual offender.
On August 27, 2004, Christopher Cunningham pleaded guilty to several charges, including two counts of selling cocaine, in exchange for a split sentence of seven years in prison followed by eight years of probation. Cunningham was not sentenced on that day. Instead, he requested a brief furlough, which the court granted on the condition that he return for sentencing on a specified day, failing which he would be sentenced to fifteen years in prison. On the day scheduled for sentencing, the court was closed due to a hurricane, and Cunningham’s sentencing was rescheduled. Cunningham, however, failed to appear on the rescheduled day. When he was later arrested, the court sentenced him to two concurrent fifteen-year terms as a habitual felony offender (HFO) on the sale of cocaine charges.
In claim three of his postconviction motion, Cunningham alleged that the State had failed to satisfy two statutory require *1263 ments for habitualization because (1) the offenses for which he had been habitual-ized did not occur within the timeframe defined in the relevant statute and (2) they were not sequential. The postconviction court properly treated this claim as if it had been raised pursuant to rule 3.800(a). See Bover v. State, 797 So.2d 1246, 1248-49 (Fla.2001).[1]
As for the first subclaim, section 775.084(l)(a)(2)(b), Florida Statutes (2003), requires that the offenses for which the defendant is being sentenced as an HFO must have been committed “[w]ithin [five] years of the date of the conviction of the defendant’s last prior felony or other qualified offense or within [five] years of the defendant’s release from a prison sentence, probation, community control ... or lawfully imposed supervision.... ” The court relied on the second prong, attaching a Department of Corrections (DOC) release-date letter and what appears to be a DOC crime and time report. However, these documents were insufficient to establish Cunningham’s release date because the latter document bears the name and DOC number of another inmate.[2] On remand, the court may again deny Cunningham’s motion if it attaches documentation existing in the record to support his qualification as an HFO.
Cunningham’s second subclaim is that the two predicate offenses asserted by the State fail to satisfy section 775.084(5), which requires that the two predicate felonies must have been sentenced separately. The documentation provided by the State to support the first composite predicate appears to be in order. For the second predicate, however, the State provided a judgment entered on violation of probation. This is improper because it is impossible to confirm that the original sentencing for the second set of predicate offenses did not take place together with the sentencing for the offenses of the first predicate. See Butler v. State, 93 So.3d 328, 330 (Fla. 2d DCA 2011) (holding that a “judgment” entered on violation of probation did not reflect a new conviction and thus did not support a violent career criminal sentence). On remand, the postconviction court may again deny this claim if it attaches documents from the record demonstrating sequential predicates. See Martin v. State, 884 So.2d 452, 453 (Fla. 3d DCA 2004).
If the postconviction court is unable to attach record documentation to refute Cunningham’s claims, it shall resentence Cunningham to any sentence contemplated by his plea and furlough agreement.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT and CRENSHAW, JJ., Concur.

. The postconviction court treated claim three under rule 3.800(a) because it concluded that the claim was successive under rule 3.850. Our reversal does not disturb that conclusion.

. The Florida Supreme Court in Yisrael v. State, 993 So.2d 952, 955-60 (Fla.2008), provides a somewhat complex analysis of how the two DOC documents can be used together by the State to confirm a prison release date when habitualizing a defendant. However, a release-date letter, without the crime and time report, is hearsay that does not satisfy the business records or public records exceptions to the hearsay rule and is thus inadmissible on its own to demonstrate a release date. Id. Accordingly, although the release-date letter here bore the correct name, it alone was not enough to establish Cunningham’s status as an HFO.