# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3168

_____

JAMES LEE BELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Taylor County.
Gregory S. Parker, Judge.

June 12, 2019

PER CURIAM.

James Lee Bell appeals an order denying his motion to correct an illegal sentence. Framing the issue as an ex post facto violation, Bell argues that his life sentence imposed after resentencing is illegal because he could not be subject to habitual felony offender (HFO) sanctions upon resentencing. We affirm.

In 1997, Bell was convicted of armed robbery and sentenced to life in prison as a violent career criminal (VCC) under section 775.084, Florida Statutes (1997). In 2004, following a motion to correct illegal sentence, the circuit court vacated the VCC designation and sentence but reimposed the life term, finding that Bell qualified as an HFO. On appeal, this court affirmed. *Bell v. State*, 903 So. 2d 191 (Fla. 1st DCA 2005).

Bell argues that because the basis for the departure sentence in 1997 was found invalid in 2004, the court could not again depart during resentencing. *See Shull v. Dugger*, 515 So. 2d 748, 750 (Fla. 1987) ("[W]e hold that a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court."). The supreme court rejected this argument as applied to the habitual felony offender statute, section 775.084. *See State v. Collins*, 985 So. 2d 985, 994 (Fla. 2008) ("[W]e hold that when a habitual offender sentence is reversed because of insufficient evidence, on remand for resentencing the State may again attempt to prove that the defendant meets the criteria for such sentencing."). *See also Molfetto v. State*, 942 So. 2d 967, 968 (Fla. 2d DCA 2006) (approving an HFO sentence imposed on resentencing after a VCC sentence was vacated).[*]

AFFIRMED.

B.L. THOMAS, C.J., and RAY and WINOKUR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

James Lee Bell, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.

---

[*] Bell also argues that only precedent existing at the time his sentence became final in 1998 may be applied. Regardless, this Court's precedent at the time permitted habitualization on resentencing. *See Rhodes v. State*, 704 So. 2d 1080, 1083 (Fla. 1st DCA 1997); *Brown v. State*, 701 So. 2d 410, 410 (Fla. 1st DCA 1997). The supreme court approved *Rhodes* and *Brown*. *Collins*, 985 So. 2d at 994.