FLETCHER, Judge.
Estaban Sosa seeks review of the trial court’s denial of his postconviction relief petition filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
Sosa first claims that a 1991 California conviction was improperly used as the sole qualifying offense for habitual offender sentencing enhancement pursuant to section 775.084(l)(a), Florida Statutes (1993). Sosa also contends that his convictions in Florida were not committed within five years of his current conviction. The Order denying relief states that the California conviction was not the sole qualifying offense, and that “multiple convictions in Dade County and West Palm Beach” were used as well.
Neither the record nor the trial court’s order conclusively refuted Sosa’s claim that he was improperly sentenced as an habitual offender. Thus, we ordered the State of Florida to -respond to the following concerns: (1) Whether the State established at the sentencing hearing that the 1991 California conviction was substantially similar in elements and penalties to an offense in Florida, such as to qualify as a prior conviction for enhanced sentencing under section 775.084(l)(a); (2) Whether the state established that Sosa’s prior *187 Florida felony convictions, or release from sentences, were within five years of the date of commission of the current offense in case no. 93-28775; and (3) Whether Sosa has any other qualifying prior convictions necessary to sustain section 775.084(l)(a) habitual offender sentencing.
The State responds, and we agree, that the 1991 California conviction for burglary is the equivalent of Florida’s burglary of an occupied structure. As such, it qualifies as a prior offense for habitual offender sentencing. See § 775.084(l)(c), Fla. Stat. (1993)(definition of “other qualified offense”). The State also answers that Sosa’s additional Florida convictions were not within five years of the date of commission of his current offense, and that Sosa does not have any other qualifying prior convictions in Florida.
A trial court may impose an habitual offender sentence under section 775.084(l)(a) if the defendant had previously been convicted of two or more felonies, and the felony under consideration was committed within five years of either the conviction date or the date of release from incarceration or supervision imposed as a result of the prior felony.[1] As noted in Middleton v. State, 721 So.2d 792 (Fla. 3d DCA 1998) [citations omitted], the habitual offender statute “requires only that a defendant’s last prior felony [or release from imprisonment] ... be within five years of the date of the current felony offense.” See also Gutierrez v. State, 854 So.2d 218 (Fla. 3d DCA 2003)(Five-year time period described in the habitual offender statute applies only to the most recent predicate felony). Of the several past felony offenses committed by Sosa, the California conviction was within five years of his current felony offense. Sosa was properly sentenced as an habitual offender and the trial court correctly denied Sosa’s motion for postconviction relief.
Affirmed.

. Section 775.084(l)(a), Fla. Stat. (1993), provides:
"1(a) ‘Habitual felony offender’ means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted...."