990 So.2d 655 (2008)
Alphonso SEWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2833.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
Alphonso Seward, Immokalee, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's denial of appellant's Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Appellant's motion did not demonstrate that he did not qualify for sentencing as a violent career criminal (VCC) and did not identify how the record establishes he is entitled to relief. See Bover v. State, 797 So.2d 1246 (Fla. 2001); Jackson v. State, 803 So.2d 842, 844-45 (Fla. 1st DCA 2001).
The records identified by appellant demonstrate that he has sufficient prior convictions to qualify for sentencing under the VCC statute. § 775.084(1)(d)1, Fla. Stat. (1999). If appellant was not released from incarceration or supervision as a result of *656 an enumerated felony within the requisite time frame, he must identify how court records demonstrate on their face an entitlement to relief. Bover, 797 So.2d at 1248-49. See § 775.084(1)(d)3b, Fla. Stat. If he cannot, and an evidentiary hearing would be required to establish the date of his release, this claim may not be raised in a rule 3.800(a) motion.
POLEN, STEVENSON, and DAMOORGIAN, JJ., concur.