PER CURIAM.
Golden Vasquez appeals the denial of her motion to correct or vacate an illegal sentence whereby she challenges her habitual offender sentence. We affirm the denial of point one but reverse and remand for further review of Vasquez’s second point.
In that claim, Vasquez alleged that the release date(s) associated with her predicate convictions were not within the requisite five-year period. The habitual offender statute requires that a defendant’s last prior felony or release from imprisonment be within five years of the date of the current felony offense. See Fla. Stat. § 775.084(l)(a)(2005). See, e.g., Sosa v. State, 902 So.2d 186 (Fla. 3d DCA), rev. den. 919 So.2d 436 (Fla.2005).
This claim is cognizable and not refuted by the record. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001). We reverse and remand for the attachment of portions of the record that conclusively refute this claim. If an evidentiary hearing would be required to establish the date of her release, this claim may not be raised in a rule 3.800(a) motion. See Seward v. State, 990 So.2d 655 (Fla. 4th DCA 2008).
Affirmed in part; reversed in parti cmd remanded.
GROSS, C.J., POLEN and MAY, JJ., concur.