PER CURIAM.
 

 Over 29 years after being sentenced as an habitual felony offender, and after at least five motions for post-conviction relief, appellant filed a motion for relief under Florida Rule of Criminal Procedure 8.800(a) saying that his sentence was “illegal” under the rule because there were not sufficient predicate felonies to habitualize him. There is no time limit to the filing of rule 3.800(a) motions.
 

 In
 
 Bover v. State,
 
 797 So.2d 1246, 1247 (Fla.2001), the Florida Supreme Court expanded rule 3.800(a) to apply to situations where “the requisite predicate felonies essential to qualify a defendant for habituali-zation do not exist as a matter of law and that error is apparent from the face of the record.” Here, appellant has not shown how the error is apparent on the fact of the record. Just saying it in a motion does not make it so.
 
 [1]
 

 Contrary to appellant’s claim that he had only one felony conviction prior to 1980, the reference to “burglary” in the habitual felony offender order is not as a single, predicate offense, but as the primary offense for which appellant received the habitual offender sentence.
 
 See Seward v. State,
 
 990 So.2d 655 (Fla. 4th DCA 2008) (explaining that to state a claim for relief from enhanced sentencing under Rule 3.800(a) the defendant must identify how the face of the record establishes that defendant does not qualify for the enhanced penalty);
 
 Ives v. State,
 
 993 So.2d 117, 120 (Fla. 4th DCA 2008) (“Rule 3.800(a) ... may be used to correct an illegal sentence at any time but only where the movant’s lack of qualification for enhanced sentencing can be determined from the face of the record without the need for an evidentiary hearing”),
 
 rev. denied,
 
 11 So.3d 942 (Fla.2009).
 

 Affirmed.
 

 GROSS, C.J., MAY and CIKLIN, JJ„ concur.
 

 [1]
 

 . We note that the online records of the Department of Corrections, which are not official, indicate that appellant has three felony convictions, where prison sentences were imposed on two separate sentencing dates in 1977 and 1978, before the conviction and sentence in this case.