PER CURIAM.
We affirm the trial court’s denial of appellant’s “Motion for Sentencing Relief Convert to Term Probation.” The motion does not establish an “illegal” sentence that can be corrected at any time. See Carter v. State, 786 So.2d 1173, 1178 (Fla.2001). Instead, as the trial court recognized, the motion presented untimely and meritless claims directed toward trial counsel and the conviction in general. The trial court properly denied the motion and cautioned Appellant that subsequent mer-itless claims could result in sanctions.
We warn Appellant as well. Appellant has previously filed at least five proceedings collaterally challenging her 2006 conviction and sentence.[1] Because these filings raised or attempted to re-litigate meritless claims, we caution her that the filing of any additional successive and frivolous pro se motions, petitions, or appeals attacking her conviction and sentence in this case may result in the imposition of sanctions, such as a bar on further pro se filing in this court and/or referral to prison officials for disciplinary procedures. See State v. Spencer, 751 So.2d 47 (Fla.1999). See also § 944.279(1), Fla. Stat. (2012); Fla. R.Crim. P. 3.850(n).
Affirmed.
DAMOORGIAN, C.J., MAY and CONNER, JJ., concur.

. Vasquez v. State, 2 So.3d 1126 (Fla. 4th DCA 2009) (08-4186); Vasquez v. State, 30 So.3d 509 (Fla. 4th DCA 2010) (09-2400) (PCA/3.800); Vasquez v. State, 78 So.3d 550 (Fla. 4th DCA 2012) (09-5226) (PCA/3.850); Vasquez v. State, 107 So.3d 493 (Fla. 4th DCA 2013) (12-4120); Vasquez v. State, 117 So.3d 1106 (Fla. 4th DCA 2013) (13-162) (PCA).