SHARP, W., J.
We affirm the trial court’s summary denial of Gray’s motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) which asserts he was inappropriately sentenced as an habitual offender. At the time Gray was sentenced in 1985 for a crime committed in 1982, only one prior felony conviction was required in order for the trial court to classify a defendant as an habitual offender. See § 775.084(l)(a)l.a., Fla. Stat. (1981).
An habitual offender sentence can be corrected in a rule 3.800(a) proceeding if the error is apparent on the face of the record. See Bover v. State, 797 So.2d 1246 (Fla.2001). Gray argues here that the pri- or felony conviction used in this case to merit his habitual offender sentence was attempted burglary of a structure and since the structure was unoccupied, the crime was a misdemeanor of the first degree and not a felony. See §§ 810.02(3); 777.04(4), Fla. Stat. (1981). However, in making its habitual offender findings, the sentencing court did not specify whether the structure was occupied. The sentencing court, however, found that defendant had been convicted of the prior felony of attempted burglary of a structure. Thus it is not clear on the face of this record that Gray was improperly classified as an habitual offender.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.