ORFINGER, J.
Latarsa White seeks review of the trial court’s order denying her motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, although for reasons other than those relied on by the trial court.[1]
Ms. White entered a negotiated no contest plea to strong-arm robbery and grand theft and was sentenced as an habitual felony offender (“HFO”) to concurrent terms of forty-eight months in prison on each count. The trial court also orally imposed a one-year term of probation to follow, but did not make clear whether the probationary term applied to both counts or only to the grand theft count. After Ms. White was released from prison, her probation was revoked. Because she had previously been designated as an HFO, Ms. White was sentenced to thirty years in prison for the strong-arm robbery conviction and ten years on the grand theft conviction. Once again, the sentences were ordered to be served concurrently. The revocation of probation and sentences were affirmed on appeal. See White v. State, 970 So.2d 847 (Fla. 5th DCA 2007). Ms. White next filed a rule 3.850 motion, raising nine claims directed at her trial counsel’s performance in the violation of probation (“VOP”) proceeding. The trial court summarily denied her motion and this Court affirmed on appeal. See White v. State, 38 So.3d 154 (Fla. 5th DCA 2010).
In the instant rule 3.800(a) motion, Ms. White first alleged that her HFO designation was illegal because her “prior convictions were for possession of cocaine, F.S. 893.13, which are not qualifying offenses for Habitual Offender Status under Florida Statutes 775.084.” The trial court denied this claim, holding that Ms. White was designated as an HFO based upon the necessity of public protection in accordance with section 775.084(3)(a)(6), Florida Statutes. This conclusion, however, has no bearing on the question of whether her *1103 habitual offender sentence was supported by the proper predicate convictions.
As a general rule, a defendant’s contention that she did not have the predicate felonies required to support an HFO designation is cognizable under a rule 3.800(a) claim if her entitlement to relief is clear from the face of the record. See Bover v. State, 797 So.2d 1246, 1247 (Fla. 2001) (“[WJhere the requisite predicate felonies essential to qualify a defendant for habitualization do not exist as a matter of law and that error is apparent from the face of the record, rule 3.800(a) can be used to correct the resulting habitual offender sentence.”). Ms. White’s claim fails because it cannot be demonstrated from the face of the record that she is entitled to relief. Rather, an evidentiary hearing would be necessary to resolve the issue because she stipulated that she qualified as an HFO at the original plea and sentencing hearing in 2003. As a result of that stipulation, the State was not required to introduce the prior predicate felony convictions. Because no prior predicate convictions were introduced at the plea and sentencing hearing, the record is silent, at least in a documentary sense, about her previous convictions.[2] As an evidentiary hearing is required to address this claim, it may not be raised in a rule 3.800(a) proceeding. See id. at 1251 n. 5. (recognizing limitations of rule 3.800(a) proceeding, including its general prohibition against evi-dentiary hearings); Gray v. State, 837 So.2d 612 (Fla. 5th DCA 2003).
Ms. White also alleged that her sentence does not accurately reflect the jail and prison credit that she has earned. The trial court’s order did not address this claim. Notwithstanding, Ms. White does not present a facially sufficient claim. With respect to her pre-sentencing jail time credit, she provides no factual detail regarding the specific dates that she was in jail prior to the imposition of her original sentence. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998). Ms. White must refile her claim for jail credit in a facially sufficient manner. Regarding the prison credit, the Department of Corrections (“DOC”) is responsible for awarding this type of credit. Ms. White must first exhaust her administrative remedies with DOC in order to pursue an award of prison credit. See Phillips v. State, 998 So.2d 675 (Fla. 4th DCA 2009).
Finally, Ms. White raises an issue that was not contained in her rule 3.800(a) motion. Specifically, she argues that her thirty-year VOP sentence for strong-arm robbery is illegal because she was never sentenced to probation with respect to that charge. At the original 2003 plea hearing, the trial court stated:
THE COURT: I’m going to sentence her in accord with this agreement, waive any entitlement to P.S.I. She’s adjudged guilty of both counts. She’s sentenced on Count I to 48 months’ Department of Corrections, and she’s designated as a habitual felony offender. This 48 months will be concurrent with any sentence she’s presently serving within the Department of Corrections.
And also in Count II, 48 months’ DOC concurrent with Count I and concurrent with any sentence she’s previously serving to be followed by one year drug-offender probation with all the standard conditions....
Ms. White contends that it is clear from the court’s statement that she was never placed on probation with respect to count I and, as a consequence, there was no probation to revoke. Although an interesting *1104 issue, we believe that she must first raise the issue in the trial court and allow the trial court to attach records, which conclusively refute the claim, or grant the motion.
For these reasons, we affirm the order denying relief as to Ms. White’s HFO status.[3] We dismiss the appeal regarding the remaining issues without prejudice to allow the issues to be raised in the trial court or with the DOC.
AFFIRMED.
COHEN and JACOBUS, JJ., concur.

. See Sullivan v. State, 913 So.2d 762, 763 (Fla. 5th DCA 2005) ("Even though the lower court erred in its finding of exceptional circumstances, we conclude that we should affirm under the 'tipsy coachman' rule because the trial court reached the right conclusion.").

. During the 2003 plea and sentencing hearing, the trial court did say that Ms. White's scoresheet reflected prior convictions for “a robbery, a burglary of a structure, possession of cocaine, two counts; grand theft.”

. While this claim is cognizable in a rule 3.850 motion, such a claim would most likely be barred as untimely and successive.