DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICARDO L. WHYMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3473

[February 17, 2016]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 01-16528 CF10A.

Ricardo L. Whyms, Okeechobee, pro se.

No appearance required for appellee.

PER CURIAM.

Ricardo L. Whyms appeals an order denying his rule 3.800(a) motion to correct illegal sentence. We affirm but for reasons other than those given by the trial court.

In 2003, Whyms entered a negotiated plea to robbery with a firearm. Pursuant to the terms of the agreement, Whyms was sentenced to a ten-year mandatory minimum under the 10-20-Life law[1] consecutive to any active sentence. In the present motion, Whyms contends that the mandatory minimum is illegal because the judge did not orally pronounce it.

The trial court denied the motion attaching the State's response, which argued that the motion repeated a claim that was denied in a prior motion and affirmed on appeal by this Court in *Whyms v. State*, 158 So. 3d 600 (Fla. 4th DCA 2015) (4D14-3888) (table). The prior motion attached by the State, however, did not raise the present claim regarding the mandatory minimum sentence. The claim was not shown to be barred by the doctrine

---

[1] § 775.087(2), Fla. Stat. (2000).

of collateral estoppel. *State v. McBride*, 848 So. 2d 287, 291 (Fla. 2003).

We nevertheless affirm because Whyms' claim is frivolous. The transcript of the plea hearing and sentence are in the record and make absolutely clear that the court imposed the agreed-upon ten-year mandatory minimum sentence. Whyms contends that the mandatory minimum was not orally pronounced because the judge did not expressly say so at the precise moment the judge announced the sentence. The record, however, is crystal clear that the judge imposed the sentence as provided for in the plea agreement.

In addition to being factually refuted by the record, the claim lacks merit as a matter of law. Whyms cites to *Ashley v. State*, 850 So. 2d 1265, 1267 (Fla. 2003), which stands for the proposition that "[o]nce a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." *Ashley* is inapplicable under the circumstances.

In *Dunbar v. State*, 89 So. 3d 901 (Fla. 2012), the trial court failed to orally pronounce a mandatory minimum required by law. Later that day, the court added the mandatory minimum to the written sentence. *Id.* at 903. The Florida Supreme Court rejected the notion that double jeopardy precluded addition of the mandatory minimum because, in these circumstances, the defendant had no legitimate expectation of finality in the orally pronounced sentence. *Id.* at 906. The same rationale applies here.

Whyms filed this motion twelve years after his negotiated plea. Our records show that Whyms has filed other meritless postconviction motions and appeals. We caution Whyms that frivolous postconviction filing will not be tolerated and may result in sanctions and referral to prison officials. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999); *see also* § 944.279(1), Fla. Stat. (2015).

*Affirmed. Appellant warned against frivolous filing.*

WARNER, STEVENSON and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**