DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONALD McCORMICK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3841

[March 9, 2016]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 90-7114 CF10A.

Donald McCormick, South Bay, pro se.

No appearance required for appellee.

PER CURIAM.

Donald McCormick appeals an order summarily denying his rule 3.800(a) motion to correct illegal sentence. We affirm and write to caution the appellant against filing frivolous pleadings.

McCormick was convicted of second-degree murder in 1991. His written sentence reflects he was sentenced to life imprisonment with a fifteen-year mandatory minimum as a habitual violent felony offender (HVFO). *See* § 775.084(4)(b)1., Fla. Stat. (1991) (providing that an HVFO offender who commits a felony of the first degree may be sentenced to "life" and "shall not be eligible for release for 15 years").

In his *pro se* motion, McCormick admits the trial court orally found him to be an HVFO and sentenced him to life imprisonment, but claims the fifteen-year mandatory minimum term is illegal because the court did not orally pronounce it. This claim is frivolous. *See Whyms v. State,* No. 4D15-3473, 2016 WL 627879 (Fla. 4th DCA Feb. 17, 2016).

The sentencing transcript attached to the order on appeal reflects that the trial court orally declared McCormick to be an HVFO and sentenced

him to life imprisonment. Immediately thereafter, the court asked the prosecutor whether "[t]here is a mandatory five years?" The prosecutor answered: "It is fifteen years that he must serve without eligibility of parole." The hearing concluded with no further comments regarding McCormick's sentence.

As we discussed in *Whyms*, the contention that a "mandatory minimum was not orally pronounced because the judge did not expressly say so at the precise moment the judge announced the sentence," lacks merit where the record makes clear that the judge imposed the mandatory minimum sentence. *Whyms*, 2016 WL 627879, at *1. In the present case, it is clear from the judge's question—asked after having just declared McCormick to be an HVFO—that the judge intended to impose and actually did impose the mandatory minimum term required by the HVFO statute and reflected on McCormick's written sentence.

In his second claim, McCormick challenges the State's failure to present the testimony of a fingerprint analyst to establish the identity of the defendant who committed the predicate felony for his HVFO designation—another second-degree murder. Because McCormick does not deny he committed the predicate felony, this claim is not cognizable in a rule 3.800(a) motion. *Cf. White v. State*, 60 So. 3d 1101, 1103 (Fla. 5th DCA 2011) ("[A] defendant's contention that she did not have the predicate felonies required to support an HFO designation is cognizable under a rule 3.800(a) claim if her entitlement to relief is clear from the face of the record.").

In addition, defense counsel did not contest that McCormick qualified as an HVFO. At the sentencing hearing, defense counsel plainly stated: "I am not arguing the fact that he was convicted before." Finally, McCormick's prior judgment and sentence for the predicate felony is in the record. Based on the release date from his previous prison sentence and the date he committed the felony for which he was sentenced, McCormick undoubtedly qualifies as an HVFO. § 775.084(1)(b), Fla. Stat. (1991); *Ives v. State*, 993 So. 2d 117, 120 (Fla. 4th DCA 2008) ("A deficiency merely in the procedure employed, where the movant actually qualifies for an enhanced sentence, does not result in an illegal sentence.").

McCormick filed the instant motion more than twenty-three years after his sentencing, and after having filed other meritless postconviction motions and appeals. We warn him that this court will not tolerate repetitious and frivolous postconviction filings, which diminish "the ability of the courts to devote their finite resources to the consideration of legitimate claims." *State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999). Future

2

frivolous filings by McCormick may result in the imposition of sanctions and his referral to prison officials for disciplinary proceedings. *Id.* at 48–49; *see also* § 944.279(1), Fla. Stat. (2015).

*Affirmed. Appellant warned against frivolous filing.*

STEVENSON, DAMOORGIAN and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***